Wightman *v.* Doe, ex dem. Reynolds.

MARY WIGHTMAN *vs.* DOE, ex dem. REYNOLDS.

The covenants in the joint deed of conveyance made by W. to the party under whom R. claims, precluded him from acquiring any title in future which could embarrass the title he had conveyed, or the rights' of his vendor under the same.

W. could not, after the execution of that deed, acquire any right in the premises from any third party.

He could only acquire a right through the parties, or those claiming under them, to whom he conveyed.

It will be presumed that the clerk of the court in which the evidence of the magistrate's appointment was, should give the certificate, and that it is a court of record. *Held,* the certificate of the clerk is sufficient.

The sale, under the deed of trust, as to third parties, would be considered valid, even if no notice had been given; they cannot question the acts of the trustee, and no one but the person sustaining the injury can make any objection.

The judgment of the court below is erroneous.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

This was an action of ejectment instituted by Reynolds' in the circuit court of the county of Monroe to the April term, 1849, against William H. Walton, the tenant in possession, to recover the following lots and blocks, in the town of Aberdeen, to wit: Nos. 881, 882, 883, 884, 885, 886, 887, 888, 889, 890, and block 108.

At the appearance term, Mary Wightman, the lessor, was admitted as defendant, and plead not guilty.

The cause was tried at the October term, 1849, when a verdict and judgment were rendered in favor of the lessee of the plaintiff. A motion for a new trial was entered and overruled; to which a bill of exceptions was taken by the plaintiff in error, and a writ of error prosecuted to said judgment.

On the trial, the plaintiff below introduced and read as evidence to the jury a deed of conveyance from Henry Anderson and George Wightman, surviving trustees of the town of Aberdeen, to Samuel J. Gholson, for the lots and block set forth in

the declaration. Also a deed of conveyance from James Davis and wife to Anderson, Herndon, and Wightman, for fractional section 26, T. 14, R. 7 east, and a patent from the United States to James Davis and William Cooper for fractional section 26, T. 14, R. 7 east. He exhibited a deed of conveyance from Reuben Davis to Reuben Y. Reynolds, dated the        day of April, 1849, for the same lots and block set forth in the declaration; and also a deed of conveyance from S. J. Gholson to John Wightman, for the lots and block set forth in the declaration. He showed also a deed in trust from John Wightman to Reuben Davis for the lots and block set forth in the declaration.

The plaintiff below also offered to read as evidence to the jury a deed of conveyance from Wm. Cooper and wife to James Davis for an undivided half interest in said fractional section 26, T. 14, R. 7 east; which was objected to, and the objection sustained.

It was proved that Wm. H. Walton and the defendant, Wightman, were in the possession of said lots and block at the time of the institution of the suit.

The plaintiff below moved the court to give the jury the following instructions, to wit:

"That a possessory title will be sufficient to maintain this action, as against a wrongdoer.

" That the title of one joint tenant is the title of both, and both is the title of one."

These instructions were given.

The defendant asked the court to charge the jury, " 1. That the plaintiff in this action must recover upon the strength of his own title, and not upon the weakness of that of the defendant.

" 2. That if it is proved, that at the time of the commencement of this action the defendant was in possession adversely to plaintiff, then the plaintiff must show an entire title to the lots derived from the government, in order to get an entire recovery in this action.

" 3. That they cannot presume that Wm. Cooper conveyed his interest in the land to James Davis, unless that fact is established by proof direct or circumstantial.

"4. That if Wm. Cooper had a joint interest in section 26, T. 14, R. 7 east, with James Davis, and has not conveyed that interest, his outstanding title may be set up as a defence to this action by the defendant.

"5. That a conveyance by one joint tenant does not divest the interest of the other joint tenant; and that a grant to Cooper and Davis of section 26, T. 14, R. 7 east, vests in them the joint legal title.

"6. That in order to obtain title to land under the statute of limitations of seven years, a party must have been in the actual occupancy of the land during that time; and that the mere legal title is not equivalent to such actual occupation under the statute.

"7. That, in an action of ejectment, the legal title only is in issue; and that, to enable the plaintiff to recover, he must show an entire legal title to the property in controversy."

All these charges were given.

A new trial was moved for and refused.

*Goodwin* and *Sale,* for appellant.

The deed of trust was executed to Davis to sell but upon the happening of certain contingencies, and there was no proof that either of the contingencies had transpired before the sale to Reynolds, and, therefore, no title vested in Reynolds by virtue of the deed of the trustee. "A deed of trust is but a power, coupled perhaps with an interest. To legalize the execution of the power, those circumstances must exist upon which the right to exercise it is made to depend." *Walker* v. *Brungard,* 13 S. & M. 723, 763.

In the absence of such proof, if there were no other errors in the record, the court should have granted a new trial.

But this deed should have been excluded upon another ground. Its execution was proved before a justice of the peace of the county of Pickens, and State of Alabama, by one of the subscribing witnesses. The official character of the justice is authenticated by the certificate of the clerk of the county court of Pickens county, Alabama. The act of 1841, Hutch. Code, 617, art. 6, authorizes the acknowledgment or proof of deeds, to

be made before a judge of an inferior, or county court of record, and certified by the register; or it may be made before a justice of the peace, and shall be authenticated by the certificate of the clerk or register of the superior, county, or circuit court, or by the clerk or register of the inferior or county court of record, with the seal of his office annexed. This certificate does not come up to the requirements of the statute. The act requires that the proof shall be made before a judge of a court of record, and certified by the clerk or register; or before a justice of the peace, and certified by the clerk of the county court of record of the county. The clerk certifies that he is the clerk of the county court of Pickens, but does not certify that it is a court of record. We respectfully submit, that the certificate of the clerk should show that the county court of Pickens was a court of record; for the courts of this State cannot judicially know that the county court of Pickens is a court of record. 1 Greenleaf, Ev. § 486, 489.

It is difficult to see upon what ground the circuit court refused to grant a new trial. By reference to the charges given at the instance of the plaintiff and defendant below, it will be seen that they are contradictory, and calculated to mislead the jury. "That the title of one joint tenant is the title of both, and both is the title of one," is certainly not law. 2 Black. Com. 180. It is true that joint tenants have a unity of interest as well as possession, but this was severed when Davis conveyed to Anderson, Wightman, and others, and thereby they became tenants in common with Cooper, who has not conveyed his interest.

*R. Davis*, for appellee.

In support of the charges asked for, and given by the court on part of plaintiff, I refer to the following authorities: 6 B. Monroe, 457; 1 Shepley, 337, 482; 22 Pickering, 316; 3 Dev. 317; 2 Hawks, 155; 3 Sumner, 170; 3 How. U. S. R. 674; 2 U. S. Digest, 216, and cases cited.

The action of ejectment is a possessory action; and to entitle him to recover, he must have the right to possession. 6 Peters, 431.

On the trial of this action, Mary Wightman showed no interest in the lots. She did not even show she was not a wrongdoer. She was not even in possession. The possession was with William H. Walton, who did not deny our right to the possession.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of ejectment tried at the October term, 1849, of the circuit court of Monroe county, to recover certain lots in the possession of the plaintiff in error, situate in the town of Aberdeen.

The jury found the issue for the plaintiff, whereupon the court rendered a judgment only for the nominal damages assessed by the jury at one cent, and for costs, in favor of the plaintiff's lessor. This was no judgment upon the issue tried by the jury. It should have been, that the plaintiff recover his term yet to come, in and to the lots in controversy. The failure to render the judgment will not, however, affect the verdict, upon which the proper judgment may still be rendered.

The important question for our adjudication arises upon the defendant's motion in the court below for a new trial, which was overruled by the court, when a bill of exceptions was taken embodying the evidence, which we will only notice so far as it may be necessary to understand the main point presented by the record, and that is, that the verdict is not sustained by the evidence before the jury.

The counsel for the plaintiff in error insist that the plaintiff wholly failed in establishing a title to the premises in question. But for the proof introduced by the plaintiff in error, this position no doubt would be correct. The jury must be guided by the whole testimony before them, whether offered by the plaintiff or defendant, and if it will sustain their verdict, it must be treated as correct.

After the plaintiff had closed his evidence, the defendant below proved that she was the widow of George Wightman, deceased, and that her husband took possession of the lots in controversy in the year 1847, and that she had since that time held possession. This was all the testimony which she introduced;

and if it means any thing, it means that she was, at the commencement of the suit, only in the enjoyment of such right and title as her husband had before his death. Admitting, then, that she is entitled to make any defence which her husband could make, if living, let us ascertain how the plaintiff's evidence places him. He, jointly with one Henry Anderson, on the 20th of February, 1843, as trustees of the town of Aberdeen, conveyed the lots in suit, to Samuel J. Gholson. In this deed is the following covenant: " And the said trustees, parties of the first part, for themselves and their successors, covenant with the party of the second part, that they have full right to convey said premises by virtue of a deed made to us by Robert Gordon and James Davis; and further, that the said premises are not, nor shall be embarrassed by any acts of our own," &c. By this covenant, Wightman not only admitted that he had a good title to the premises at the date of the deed, but he thereby precluded himself from acquiring any title in future which could in any manner embarrass the title conveyed, or the rights of his vendee under the same. In the attitude in which the defendant stood in the suit, it was, therefore, wholly unnecessary for the plaintiff below to go behind this deed. Wightman, whose title or right of possession is now set up in the defence, could not, after his deed, acquire any right whatever from any third party; he could in future only become interested in the lots by contracting with Gholson, his vendee, or with a person deriving title from Gholson. A title acquired from any other source, would give him, Wightman, no rights whatever in the premises; but it would only enable him to perform in the true spirit the covenant in his deed, and such title would inure to the benefit of his vendee.

Our inquiry must therefore be, whether the plaintiff has acquired Gholson's title; if so, he is entitled under the proof to recover. Gholson, in 1845, conveyed the lots to John Wightman, who afterwards conveyed the same by deed of trust to Reuben Davis, to secure Reynolds in the payment of a certain debt; and Davis, by virtue of the power vested in him under this deed, conveyed to the plaintiff's lessor, Reynolds. The defendant objected to the reading of this deed of trust to the

jury; but the objection was overruled by the court. The deed appears to have been executed in the county of Pickens, and State of Alabama, and to have been proven by one of the subscribing witnesses thereto, before a justice of the peace of said county. The objection urged is, that the clerk of the county court of Pickens county, who certifies to the official character of said justice, does not certify that it is a court of record. The certificate otherwise appears to be in due form, and attested by the seal of said court. The statute must be construed so as to attain the end the legislature had in view. We must suppose that the clerk of that court, in which the evidence of the magistrate's appointment was, should give the certificate; and thus viewing the question, we think the certificate sufficient. Hutch. Code, 617, 618.

The next objection urged is, that the deed of Reuben Davis to the plaintiff's lessor, was read to the jury, without showing that he had given the notice required by the trust; that the debt was due, and that he had power to sell to pay the same. If the defendant below claimed under John Wightman, the grantor in the deed of trust, we might possibly consider these valid objections. The question, however, has not been argued, but only intimated by counsel on one side; and we, therefore, leave it open till it shall become necessary to decide it.

The failure of the trustee to give the notice, or his making a premature sale, could only prejudice the party who executed the deed of trust, or one claiming under him; and no one, therefore, but the person sustaining the injury, can make the objection. As to third parties the sale will be regarded as valid, because they cannot question the action of the trustee, or call him to account for a breach of trust.

Thus viewing the case, we should feel no hesitation in affirming the judgment, if a proper one had been rendered. We must, therefore, reverse, and render the proper judgment on the verdict; which is, that the plaintiff recover of the defendant his term yet to come in the lots, and costs, the plaintiff releasing the one cent damages. Writ of *habere facias* awarded.

Judgment against plaintiff's lessor for the costs of this court.