## M. J. WADE VS. WILLIAM THOMPSON et al.

1. EJECTMENT: *Title derained from a common source. Adverse title.*
A party entering into possession of lands under the title of his vendor cannot procure from another source an adverse and better title and set it up in opposition to that under which he got possession, and to the prejudice of his vendor. As a general rule the plaintiff must prove a complete title in himself. The exception obtains when both parties have derived title from the same person; then it is not competent for either party to dispute that title. If defendant did not derive possession from plaintiff, but claims adversely, he may buy in an outstanding title to defend his possession. He must then show that it was subsisting and available, on which a recovery could be had in ejectment.

2. SAME: *Sale by trustee. He must pursue the directions prescribed in the trust.*
The power of a trustee to sell is conditional, and he must pursue the directions
prescribed. If he acts unfairly, or goes contrary to the powers conferred, the
grantor or other parties interested may arrest his steps or set the sale aside,
but as to third persons the sale will be valid, notwithstanding such irregu-
larities.

ERROR to the Circuit Court of *Jefferson* County.

Hon. URIAH MILLSAPS, Judge.

All the material facts are stated in the opinion of the court.

The following errors are assigned:

1. The court below erred in not allowing plaintiff in error
to read in evidence the deed from Robert Duncan, adminis-
trator of S. B. Owen, to H. C. Lindsey.

2. In allowing defendant Hyman to read in evidence the
deed to him by J. J. Owen, the same having been obtained
after the institution of this suit.

3. In awarding judgment for the defendants instead of for
the plaintiff.

4. In refusing to grant a new trial.

*T. J. & F. A. R. Wharton,* for plaintiff in error:

The general rule in ejectment is that the plaintiff must
recover on the strength of his own title. But we submit that
this case comes within the exception to the rule which applies
when both parties derain title *from a common source.* See
Doe *v.* Pritchard, 11 S. & M., 327; Wolfe *v.* Dowell, 13 ib.,
103; Wightman *v.* Reynolds, — Barb., 679; Gorden *v.* Sizer,
10 ib., 805. Whilst they need not go further back than
the common source, the defendant may set up a title drawn to
the common source. We insist that the title to the property
in controversy was divested out of the estate of S. B. Owens,
from whom both parties claim title, by the sale by his admin-
istrator, and consequently the deed from J. J. Owens conferred
no title upon defendants, and that the rule when both claim
from a common source applies to the case at bar, and plaintiff
was not compelled to prove title against the world. See
McLaughlin *v.* Green, 48 Miss., 175. It was not necessary for
him to show that Lindsey had any title himself, and that the

title vested in the trustee, Cameron, was ever legally conveyed to him.

As to the objection that it was not shown by the evidence of plaintiffs in the court below that notice of the sale was posted at the court house door for twenty days, and ten days' previous notice, etc., of the sale from Lindsey, the grantor in the deed of trust, we submit, 1st, that the deed from the trustee, Cameron, to plaintiff, recites that notice was published in the "*Chronicle*," etc., and by posting in five public places in the county, etc., for thirty days.

Cameron says he gave notice by posting in three or four public places, and by notice in the "*Chronicle*" for thirty days. This was sufficient. Who but Lindsey could object that the directions as to giving him special notice, and by posting at the court house door, were not literally complied with? Neither he nor the grantor nor the beneficiaries in the deed have complained.

*H. Cassidy*, for defendants in error:

The law is clear that the plaintiff in ejectment must recover on the strength of his own title, but there is an exception where both parties trace title to a common source.

For the purpose, doubtless, of laying a foundation to invoke the aid of the exception, plaintiff introduced a deed from Lindsey to Hyman, the defendant.

If Hyman had claimed exclusively under that deed there would be some ground for invoking the exception. But he set up his purchase of the outstanding title of the only heir of S. B. Owen, deceased. This restored the rule, and placed the onus on plaintiff of showing a perfect title. Hyman was authorized to do this to protect his possession. Wolf *v.* Dowell, 13 S. & M., 109; Hughes *v.* Wilkinson, 28 Miss., 600.

The onus being thus placed upon plaintiff, she fails in two respects: 1st. In failing to show that Lindsey, as a purchaser, under whose trust deed she claims title, had any title himself. 2d. That the title vested by that trust deed in the trustee,

24

Cameron, was never legally conveyed by him for failure to proceed upon the conditions on which alone he was authorized to sell and convey. There is nothing to show title in, the trustee, or that he was ever in possession of the property. There is a pretense that he claimed title from Duncan, the administrator of Owen. This suspicion is strengthened by one of the grounds of motion for a new trial: "Because the court erred in refusing to admit the plaintiff to read the deed from Robert Duncan, administrator of S. B. Owen, to H. C. Lindsey."

A deed from an administrator to real estate arises out of an exceptional power to convey, and must rest on a strict compliance with the law giving the power. *Prima facie* an administrator has no authority over the land, and a deed from him comes in questionable guise, and must depend upon proof of the facts out of which the authority to sell alone arises. As the record fails to show why the deed was excluded, this court will presume the court below acted properly unless the error is made to appear affirmatively by the record. The bill of exceptions fails to show that the deed was ever offered in evidence.

SIMRALL, C. J., delivered the opinion of the court.

An action of ejectment was brought by Mrs. M. I. Wade, to recover from the tenant in possession a lot of ground in the town of Fayette. Henry Hyman, as landlord, was admitted to defend, and pleaded the general issue.

The bill of exceptions, considered in connection with other parts of the record, does not, perhaps, present the case as fully as it was developed on the trial.

On the —— day of ———, 1861, Henry Lindsey executed a deed of trust, embracing the lot and some personal property, to A. J. Cameron, trustee, to secure John H. Duncan and Isaac Burch, sureties on three bonds or sealed notes, payable to Robert Duncan, administrator of S. B. Owens, deceased, and also the notes themselves. On the 26th of August, 1872,

the trustee sold and conveyed the property to Mrs. Wade, the plaintiff.

H. C. Lindsey, in execution of the decree of the chancery court of Adams county, on the 24th of May, 1871, executed a deed for the same property to B. Hyman, the defendant. The deed recites that Lindsey was required by the decree to make the conveyance in accordance with a contract theretofore entered into between the parties—that is, himself and Hyman. Hyman also read in evidence a deed executed to himself (after suit brought) by John Jennings Owens, who was the only heir of one S. B. Owens.

The petition of Henry Duncan for letters of administration on the estate of S. B. Owens, deceased, was also read in evidence.

A motion for a new trial was overruled. The jury was waived, and the case was tried on the law and facts by the court.

In the action of ejectment, if both parties trace title to the same source, it is not necessary for the plaintiff to go further, and prove that it is good against all the world. Both litigants tracing their rights to a common origin, the inquiry is limited to the ascertainment of which has the elder and better title.

At the time suit was brought Hyman was in possession by his tenant, Thompson. This possession may be legitimately referred to the executory contract with Lindsey, consummated into a legal title by the decree of the chancery court, and Lindsey's deed executed in pursuance of it in 1871.

Having entered under Lindsey's title, and being protected by his covenants, he could not procure from another source an adverse and better title, and set it up in opposition to that under which he got possession, and to the prejudice of his vendor. Griffin v. Sheffield, 38 Miss., 390, 391.

When both parties derive title from the same person it is not competent for either, as a general rule, to dispute that title. That principle, when it applies, is an exception to the general rule that the plaintiff must prove a complete title in

himself. Ordinarily, the defendant may rest on his possession merely, or he may show an outstanding title in a stranger. In either case he will succeed, unless the plaintiff has shown such right of possession as is good against all the world. This rule has no application where both parties trace title to a common source. In that case the defendant cannot protect his possession by setting up a paramount title in another person, with which he has no connection.

Here both parties derain title from Lindsey—Mrs. Wade through the trust deed and purchase at the trust sale, Hyman by direct contract with Lindsey, and his conveyance in obedience to the chancery decree. In this aspect of the case the inquiry is, upon whom was Lindsey's title devolved ? On that question the parties are antagonized, and there is no priority of title between them in such sense that Hyman would be estopped or precluded from obtaining whatever support he might from another and independent title. It was competent for Hyman to take a deed from John J. Owens, the heir at law of S. B. Owens, deceased. But, in order that it may avail him in his defense, he must show that S. B. Owens had a complete legal title, paramount to that received by him from Lindsey.

The rule is, if the defendant did not derive his possession from the plaintiff, but claims adversely to her, he may buy in an outstanding title to defend his possession. Tucker's ——— v. Keeler, 4 Vt., 161; 8 Johns., 139. But such title will not suffice unless the defendant shows that it was subsisting and available, on which a recovery could be had in ejectment. Jackson ex dem. Demindoch v. Hudson, 3 Johns., 375; Jackson ex dem. Dunbar v. Todd, 6 Johns., 257; Greenlief's Lessee v. Birch, 6 Pet., 302; Foster v. Joice, 3 Wash., 498. The deed from John J. had no greater effect than to transfer to the defendant such right as descended to him from his ancestor. What that right was, its quality and value, was the subject of proof. The only testimony conducing to show title in S. B. Owens came from the witness Torry, who deposed that S.

B. Owens died in 1860, claiming to own the property, and in possession. In the absence of written muniments of title, mere possession with a claim of ownership does not suffice to establish a title, unless such possession had begun under color of right, and had continued long enough under the statute of limitations to consummate a title. The record is barren of evidence as to when the possession of S. B. Owens began, how long it continued, and under what claim it initiated. All that we know of it is that Owens died seized and possessed in 1860.

We may conjecture that Lindsey bought the property at a sale by his administrator, for among the grounds of the motion for a new trial is the allegation of error in excluding the deed of the administrator to Lindsey, when offered in evidence. But the bill of exceptions omits to show that such evidence was offered and excluded. That ruling of the circuit court is assigned in this court for error, but we cannot notice it, as it is not certified to us by bill of exceptions.

The plaintiff, Mrs. Wade, being a purchaser under the deed in trust to Cameron, executed in 1861, can refer her title back to the date of that incumbrance, so that her right takes rank and precedence from that time. All we know with certainty about Hyman's title is, that in 1871 Lindsey was under an obligation to convey the legal title to him, and did actually convey in 1872.

It was thus shown in evidence that Mrs. Wade's acquisition of Lindsey's title was prior in time to any right derived from the same source, and that she ought to recover unless one or both of the propositions made by the defendants has been sustained, viz. :

1. That the deed from John J. Owens, the heir of S. B. Owens, vested in him a perfect and paramount title. That, for the reasons already given, was not established in evidence.

2. Unless, as objected by the defendants, the sale and conveyance by Cameron, the trustee, did not pass the title, because certain irregularities occurred in giving notice of the sale.

It was in evidence that the trustee had observed all the requirements of the deed in that particular, when his proceedings were arrested by injunction at the suit of Hyman. After the injunction had been dissolved the property was again advertised and sold to the plaintiff. Among other things it was made the duty of the trustee to give ten days' notice to Lindsey. This was not done. Nor was it made certain that notice was posted on the court house door. It was proved that the trustee moved in the matter at the written request of one of the sureties on the bonds, and that the sum bid at the sale, less the expenses, was credited on one of them held by Mrs. Wade's attorney for her.

It is true, as held in Walker v. Brunguid, 13 S. & M., 763, that the power of the trustee to sell is conditional, and that he must pursue the directions prescribed. If he act unfairly, or goes contrary to the powers conferred, the grantor or other parties interested may arrest his steps or set the sale aside.

But can Hyman, the defendant, complain of irregularities of the character evolved by the testimony? In Wightman v. Doe ex dem. Reynolds, 24 Miss., 681, it was held that only the parties to the trust deed, or some person interested therein, and injured by an omission to give the notice, or irregularities in that or other particulars, could object to the sale. "As to third persons, the sale will be regarded as valid." In Walker v. Brunguid, suppose the controversy was between parties interested in the trust, and was begun before the sale was consummated by the conveyance; the general observations of the court must be construed with reference to that state of case.

The conclusion from these views is that there is error in the judgment of the circuit court.

It is reversed and cause remanded.