A. E. ENOCHS *v.* ABNER T. MILLER ET AL.

60   19
74  672
| 60   19|
.e85  290|

1. DEED. *Description of land. Uncertainty.*
   The description of land in a deed as, "107 acres in the south part of south-east quarter of sect. 22, T. 3, R. 2 west" is not void for uncertainty, but is sufficiently accurate.

2. DEED OF TRUST. *Defective notice of sale. Case in judgment,*
   A deed of trust empowered the trustee to sell and convey the land, upon condition broken, and after giving "*thirty days'*" notice of the time, place and terms of sale, by publication in a newspaper. After a breach of the condition of the deed of trust, the trustee published a notice of sale in a weekly newspaper for four successive weeks, and then sold the land; but the first issue of the paper containing the notice came out on the 2d of April, and the sale took place on the 28th of the same month. *Held,* that the notice was not sufficient, and the sale passed no title.

APPEAL from the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

This action of ejectment was brought by E. A. Enochs against Abner T. Miller and Eliza Miller, to recover a tract of land, described in the declaration and in the deeds adduced in evidence to support the plaintiff's title, as " one hundred and seven acres in the south part of south-east quarter of section twenty-two, township three, range two west, in the county of Hinds, and State of Mississippi." The defendants, on the trial, objected to the admission in evidence of the deeds containing this description of the land, on the ground of uncertainty of the description, and the objection was sustained.

One of the links in the chain of title deraigned by the plaintiff, was a deed of trust empowering the trustee, after

condition broken, to sell and convey the land, after " having given thirty days' notice of the time, place, and terms of sale, by publication in some newspaper published in said county." In pursuance of this deed of trust the land was sold and conveyed by the trustee on the twenty-eighth day of April, 1879. The evidence showed that the notice of sale was published in four successive issues of a weekly newspaper ; but the first issue was on the second day of April, 1879. The defendants objected to the admission in evidence of the deed by the trustee, on the ground that he had not complied with the requirement of the deed of trust in giving thirty days' previous notice of the sale. This objection was also sustained. Judgment was rendered for the defendants, and the plaintiff appealed.

*Wells & Williamson*, for the appellant.

1. The description of the land in the appellant's deeds, is sufficiently certain. *McCready* v. *Langsdale*, 58 Miss. 879 ; *Bowers* v. *Chambers*, 53 Miss. 259 ; *Colcord* v. *Alexander*, 67 Ill. 581 ; *Bartlett* v. *Corliss*, 63 Me. 287 ; *Dawson* v. *James*, 64 Ind. 162.

2. Was the advertisement of the land by the trustee a sufficient compliance with the terms of the deed of trust ? ( 1. ) The requirement of the deed of trust as to the giving of notice of sale was substantially complied with. If the sale had taken place four days later, the notice given would have been the same, to wit, four publications of the weekly newspaper. A substantial compliance with the provisions of the deed of trust is all that the law requires. ( 2. ) The giving of the notice was a mere ministerial act, and did not affect the power of the trustee to convey. ( 3. ) The legal title was vested by the grantor in the trustee, who thereby became his agent, and by him it was vested in the appellant, who in good faith paid his money for the land, and now the principal seeks to take advantage of the failure of his agent to do his duty. The several positions taken by us are sustained by the following authorities : *Wightman* v. *Reynolds*, 24 Miss. 681 ; *Johns* v. *Sargeant*, 45 Miss. 332 ; *Wade* v. *Thompson*, 52 Miss. 368 ; *Graham* v.

*Fitts*, 53 Miss. 307; 6 Minn. 192; 14 Wall. 297; 75 Ill. 215; 47 Mo. 157; 69 Ill. 516; 48 Mo. 428; 7 Gill, 269; Jones on Mort., sects. 1838-40.

*J. & J. M. Shelton*, for the appellees.

1. The trustee did not comply with the terms and conditions of the deed of trust as to the notice of sale, and therefore no title passed by the sale. The notice should have been given for thirty days instead of twenty-six only. See 1 Hill. on Mort. 141, 142; 2 Perry on Tr., sect. 602; *Ormsby* v. *Lowison*, 3 Litt. 405-411; *Crocker* v. *Robertson*, 8 Iowa, 104; *Miller* v. *Hull*, 4 Denio, 104; *Dane* v. *Farrington*, 4 Minn. 433; *Walker* v. *Brumgard*, 13 Smed. & M. 723, 768; *Wightman* v. *Reynolds*, 14 Miss. 675, 681; *Johns* v. *Sargeant*, 45 Miss. 332, 338; *Wade* v. *Thompson*, 52 Miss. 367, 374; *Bowman* v. *Roberts*, 58 Miss. 126, 131.

2. The description of the land in the deed of trust, and the trustee's deed is void for uncertainty. *Doe* v. *Curtis*, 3 How. 230-235; *Swayzie* v. *McCrossin*, 13 Smed. & M. 312, 324; *Brown* v. *Guice*, 46 Miss. 299, 304; *Bowers* v. *Andrews*, 52 Miss. 596, 607: *Yondell* v. *Pugh*, 53 Miss. 295, 303; *Cogburn* v. *Hunt*, 54 Miss. 675, 676.

Chalmers, J., delivered the opinion of the court.

The deed was not void for uncertainty. Land described as a specified number of acres of the south, or north, or east, or west part of a particular section, or legal subdivision of a section, is perfectly well described, and there is not the slightest difficulty in laying it off, as has been at least twice decided by this court. *Bowers* v. *Chambers*, 53 Miss. 259; *McCready* v. *Langsdale*, 58 Miss. 879.

Where a sale *in pais* is made by a trustee under an instrument conferring a power of sale upon him under certain prescribed terms and conditions, a substantial compliance with the mode, manner, and terms prescribed is essential to pass the title, and any disregard of them in any important respect will vitiate the sale. The making of the deed is *prima facie*

evidence that the sale was properly made, and will throw upon him who attacks or resists it the burden of showing the contrary.

In the present case the defendants assumed, and successfully met, this burden by proving that the sale took place upon twenty-six days' notice, instead of thirty, as was required by the deed of trust under which it was made.  The court below properly held that the purchaser acquired no title.  2 Perry on Tr., sect. 602, p. 307 ; 2 Jones on Mort., sect. 1822 *et seq.*; *Walker* v. *Brumgard*, 13 Smed. & M. 763; *Wightman* v. *Reynolds*, 24 Miss. 681 ; *Wade* v. *Thompson*, 52 Miss. 367 ; *Fitts* v. *Graham*, 53 Miss. 307.

Affirmed.