M. C. Cummings *v.* R. A. Steele et al.

| 54 | 647 |
| 77 | 807 |
| 77 | 811 |

Chancery. *Jurisdiction. Fraud, accident and mistake. Ambiguity in description.*

Against the original parties, and those claiming under them as volunteers or with notice, equity will correct an ambiguity, whether patent or latent, in the description of land attempted to be conveyed, where, by fraud, accident or mistake, the deed fails to express the agreement of the parties; and, when reformed, will enforce the instrument as if originally so drawn.

Appeal from the Chancery Court of Itawamba County.

Hon. L. Haughton, Chancellor.

M. C. Cummings files this bill against R. A. Steele, who, since 1870, has owned and occupied a certain tract of land, W. L. Clayton, the beneficiary in a deed of trust, which Steele had executed thereon in March, 1875, and Phillips, the trustee therein, alleging that the complainant, accepting a proposition made by Steele in 1872 to borrow a sum of money from him, and secure it by a deed of trust on the land owned and occupied by Steele, loaned him the money, taking his note therefor, payable Nov. 1, 1873 ; that Steele, in accordance with the agreement, executed a deed to one Betts, as trustee, upon the land so owned and occupied by him, to secure the note ; that by mistake, the land, which was the only land that Steele owned in the section, was described in said deed of trust as " 130 acres off of the south-east fourth sec. 32, T. 10, R. 9, east, in Itawamba County, Miss. ; " that when the trustee Betts sold thereunder, he executed to Cummings, who purchased at the sale, a deed with the same defective description ; and that of this mistake Clayton had notice before the deed to him was made. The prayer was that Steele be decreed to execute a proper deed, and, on his default, that a commissioner·be appointed for the purpose. The defendants' demurrer to the bill was sustained, and the complainant appealed.

*Newnan Cayce*, for the appellant.

1. The mistake should have been corrected. 1 Story Eq. Jur. §§ 115, 136, 138 *c* and n. 2, 155.

2. The ambiguity was latent, not patent. 1 Greenl. Evid. 300; 1 Bouvier Law Dic. 118; 3 Wash. on Real Prop. 349; 9 Gray, 444; *Foute* v. *Fairman*, 48 Miss. 536, 550; *Peacher* v. *Strauss*, 47 Miss. 353, 361; 5 Ohio, 453. *Brown* v. *Guice*, 46 Miss. 299, cited by opposing counsel, is not in point. Indefinite description of boundary is a latent ambiguity. *Jenkins* v. *Bodley*, S. & M. Ch. 338; *Bingaman* v. *Hyatt*, S. & M. Ch. 437; *Hyde* v. *Warren*, 48 Miss. 19; *Elliott* v. *Connell*, 5 S. & M. 91; *Dunbar* v. *Newman*, 46 Miss. 231; *Tucker* v. *Field*, 51 Miss. 191; *Blake* v. *Doherty*, 5 Wheat. 359.

3. Steele is estopped to perpetrate this fraud. Hermann on Estoppel, §§ 211, 212, 299, 304, 320, 436, 460, 465; 1 Greenl. Evid. §§ 204, 211, 222; 1 Phillips Evid. 969, note, 972.

*Harris & George*, on the same side, argued the same points, citing *Bowers* v. *Andrews*, 52 Miss. 596; 1 Story Eq. Jur. § 166; Adams Equity, 166–172.

*Clayton & Clayton*, for the appellees.

1. The ambiguity is patent. *Brown* v. *Guice*, 46 Miss. 299; *Bowers* v. *Andrews*, 52 Miss. 596; *Yandell* v. *Pugh*, 53 Miss. 295; *McGuire* v. *Stevens*, 42 Miss. 724.

2. Equity cannot make a void deed valid. The parol evidence is as incompetent in equity as at law. *Boardman* v. *Reed*, 6 Pet. 345; *Brown* v. *Guice, ubi supra; McGuire* v. *Stevens, ubi supra.* The case of *Blake* v. *Doherty*, 5 Wheat. 359, referred to by counsel for the appellant, does not sustain his view; but, while holding the description sufficient, the court declared, if it were otherwise, the circumstances would not help it.

*J. A. Brown*, on the same side, cited *Argenbright* v. *Campbell*, 3 Hen. & Munf. 160; *Knight* v. *Bunn*, 7 Ired. Eq. 79; *Smith* v. *Turrentine*, 2 Jones (N. C.) Eq. 253; *Oiler* v. *Gard*, 23 Ind. 212, 218; Gresley Evid. p. 198; 1 Greenl. Evid. 300; 3 Greenl. Evid. 249.

CAMPBELL, J., delivered the opinion of the court.

This bill was demurred to on the ground that a Court of Chancery cannot reform a deed which contains a patent ambiguity in the description of the land intended and attempted to be conveyed. We are not aware of any such restriction on the

power of the court. It is not a question of latent or patent am-
biguity, but of fraud, accident or mistake in drawing the writ-
ten evidence of the contract. If through fraud, mistake or
accident the writing has not been made to speak the agreement
of the contracting parties, it will be reformed to truly represent
what the parties intended it should ; and, when thus reformed,
it will be enforced as if originally so drawn. This applies to
contracts required by law to be in writing .as well as to others,
and both to the original parties to the contract and those
claiming under them as volunteers, or with notice of the mis-
take. *Simmons* v. *North,* 3 S. & M. 67 ; *Peques* v. *Mosby,*
7 S. & M. 340; *Dunbar* v. *Newman,* 46 Miss. 231 ; *Phœnix
Ins. Co.* v. *Hoffheimer,* 46 Miss. 645 ; *Willis* v. *Gattman,* 53
Miss. 721.

    *Decree reversed, demurrer overruled, and cause remanded.*

