GOODBAR & CO. ET AL. *v.* B. R. DUNN, TRUSTEE, ET AL.

1. DEED. *Sufficient description.*

A deed describing the land conveyed as two hundred and twenty-two and one-half acres off the south and west part of the south half of section 24, T 1, R 7 west is not void for uncertainty. *McCready* v. *Langsdale,* 58 Miss. 879; *Enochs* v. *Miller,* 60 Miss. 19.

2. SAME. *Mistake. Right of grantee to correct.*

Where there is a mistake in the description of land so that all the land intended to be conveyed is not included in the description the grantee is entitled to correct the deed as against the grantor and those claiming under him having knowledge of the mistake.

3. SAME. *Mistake. Encumbrancers without notice.*

A mistake in the description of land conveyed in a deed cannot be corrected as against a person who without knowledge of the mistake has acquired a lien upon the land by legal proceeding. *Nugent* v. *Priebatch, ante.*

4. PRIORITY OF LIEN. *Defective description. Appropriation of the fund. Case in judgment.*

D has a first mortgage on certain lands void for uncertainty as to G. as to part of the land, but good as to L., who had notice of the mistake, while L. has a second mortgage which sufficiently describes the land and, which is prior to G. who has attached. *Held,* that the third encumbrancer (G.) is entitled to nothing until the second (L.) is paid, and the second has no right to any of the fund until an amount equal to the first mortgage (D.) has been taken therefrom, and the first mortgage should not be allowed to charge against the second any sum which by reason of his laches has been appropriated to the third encumbrancer.

5. SUPREME COURT. *Practice. Affirmance where right result was reached.*

Where the decree of the court below is wrong in principle, but where the right result is reached, and to remand the case would only result in further accumulation of costs, the decree will be affirmed in the supreme court.

APPEAL from the Chancery Court of De Soto County.

HON. J. G. HALL, Chancellor.

The facts are stated in the opinion.

*White & Morgan,* for the appellants.

1. The description of the land in the trust deed, made by T. W. Fowler to B. N. Dunn, contains a "*patent ambiguity,*" and is therefore void.    Is this a *patent* ambiguity?    The question is answered by the description itself as soon as read.    "Two hundred and twenty-two and a half acres off the south and west part of south half of section 24, town 1, range 7." What idea does this description convey?   How much of the two hundred and twenty-two and a half acres is on the " south" part, and how much on the " west " part ?   How many tracts of land answering this description may be carved out on south half of section twenty-four ?   The description here has no resemblance to the description of lands in the cases decided by this court. In this description no such calls or conditions are given.   We have an irregular figure whose exact shape is unknown, and whose *description* as given can be met by an indefinite number of figures, any one of whom will fully and equally answer it, as given in the deed, and this ambiguity does not arise from anything *in pais,* but stands out on the most casual as well as the most careful reading of the deed.   See *Brown* v. *Guice,* 46 Miss. 299; *Bowers* v. *Andrews,* 52 Miss. 597; *Yandall* v. *Pugh,* 53 Miss. 295; *Cogburne* v. *Hunt,* 54 Miss. 675; *Vaughan* v. *Swayzie,* 56 Miss. 704.

2. But if it should be held that the description of the land can be corrected, such correction cannot operate to displace the lien of Goodbar & Co. and Mrs. Burford, obtained on a levy of their attachment, they having no notice of what the deed was intended to convey.   There is no proof that Goodbar & Co. and Mrs. Burford had notice of what Fowler intended to convey.   Notice to them is alleged in the bill, and is denied by both under oath in their answers, and no proof was taken or presented on that question.   *Perry Nugent* v. *Max Priebatch, ante; Loughridge* v. *Rowland,* 52 Miss. 546; *Humphries* v. *Merrill,* 52 Miss. 92; *Duke* v. *Clark,* 58 Miss. 465; *Miss. Val. Co.* v. *R. R. Co.,* 58 Miss. 747.

3. It is therefore certain that the lien of Dunn cannot prevail against Goodbar & Co. and Burford, the attaching creditors, without notice, actual or constructive, even if the notice to Marshall, the attorney of Lemmon & Gale, in taking their trust deed, is good as to them. But it will be noted that the lien of the trust deed of Fowler to Lemmon & Gale is superior to the liens of Goodbar & Co. and Burford, because it was only registered before the levy of their attachments and there being no defect in the deed. What would be the attitude of the parties and what their rights if it is conceded in this argument that the notice to Marshall gives Dunn à priority over Lemmon & Gale? Dunn stands prior to Lemmon & Gale to the extent of his debt, say five hundred dollars and interest, and no more, and then Lemmon & Gale are entitled to the extent of their debt to prior satisfaction out of this land. But Goodbar & Co. and Burford, being superior in right to Dunn, would be entitled to have not only the five hundred dollars and interest taken by Dunn from Lemmon & Gale, but to satisfaction out of the remaining interest in the land. Goodbar & Co. first became prior in time of levy of attachment and then Burford. The decree of the Chancellor exhibits the right of parties by allowing Dunn priority over all the defendants, and is, we think, therefore erroneous.

*J. B. Morgan* argued the case orally.

*Powell & Buchanan*, for the appellees.

1. The theory on which the bill was filed was the power of a court of equity to correct a written instrument so that it shall conform to the agreement of the parties, and when so reformed, to enforce the same as if it had originally been so drawn. See *Sparks* v. *Pitman*, 51 Miss. 511. But it is said that the ambiguity in this trust deed from Fowler to Dunn, trustee, is patent, and hence cannot be reformed. We deny that it is patent, but answer that if such was the case the court has the power to correct even a patent ambiguity—see *Cummings* v. *Steele*, 54 Miss. 647, and 48 Miss. 552—and to enforce the same as if it had been originally so drawn as between parties, privees, volunteers, and those claiming under the original parties with notice of the mistake.

2. The trust deed from Fowler to Dunn does not come within the definition of a patent ambiguity. *Bowers* v. *Andrews*, 52 Miss. 606; *McCready* v. *Lansdale*, 58 Miss. 880; *Bowers* v. *Chambers*, 53 Miss. 259 ; *Enochs* v. *Miller*, 60 Miss. 19.

3. But it is urged that the admission of the latent ambiguity clearly renders the land (some ten acres, perhaps), which Fowler did own in the half section but did not convey by the deed of trust, liable to the claims of defendants as creditors without notice under our statute. In answer to this we say that the judgment creditors had notice of our equity before their judgments were obtained. We insist that the time of the rendition of the judgments is the time at which the judgment liens attached, and if the creditors had notice at that time of our equity they cannot claim the protection of the statute. See 50 Miss. 278 and authorities there cited ; see also 52 Miss. 92 ; *Duke* v. *Clark*, 58 Miss. 465 ; *McLemore* v. *Hawkins*, 46 Miss. 719 ; *Allen* v. *Poole*, 54 Miss. 323.

*A S. Buchanan* also made an oral argument.

Cooper, J., delivered the opinion of the court.

In December, 1880, Fowler was the owner of two hundred and twenty-two and a half acres of land in the south half of section 24, T. 1, R. 7, in DeSoto County, the true description of which is as follows : Beginning at the southeast corner of section 24, thence north with east boundary line twenty-four chains thirty-seven and a half links, thence west (common bearings) sixty-two and a half chains forty links, thence north fifteen chains sixty-two and a half links, thence west with quarter section line to west boundary line of section, thence south to southwest corner of section, thence east to point of commencement.

On the 18th of December Fowler mortgaged this land to Dunn, trustee for Roselle, describing it as " two hundred and twenty-two and a half acres off the south and west part of the south half of section 24, T. 1, R. 7, west, in DeSoto County." This deed was recorded in the office of the clerk of the chancery court on January 3, 1881. On December 7, 1882, Fowler mortgaged the same land to Lemmon & Gale to secure a debt of eight hundred and fifty-

four dollars and thirteen cents, describing it as two hundred and twenty-two and a half acres in south part of south half of section 24, T. 1, R. 7, west. This mortgage was recorded on the 7th of December, 1882, in the proper office.

At the time of accepting this mortgage Lemmon & Gale had notice that by the mortgage from Fowler to Dunn it was intended to embrace all the land which Fowler owned in the south half of section 24.

In January, 1883, Goodbar & Co. sued out an attachment against Fowler and levied the same on the lands, the levy being made by metes and bounds, giving it correct description.

This is a bill filed by Dunn against Fowler, Lemmon & Gale, and Goodbar & Co. to reform and correct the mortgage by substituting for the description of the lands as therein given its true description by metes and bounds. The Chancellor granted the relief prayed, and from his decree both Lemmon & Gale and Goodbar & Co, appeal.

The mortgage to Dunn is not, as it is contended by the appellants to be, void for uncertainty in the description of the land. The conveyance is of "two hundred and twenty-two and a half acres off the south and west part of the south half of section 24," and by this description is conveyed two hundred and twenty-two and one-half acres to be laid off in a strip of equal depth on the southern and western boundaries of the half section, which lines are by the description made the base lines for the survey. *Bowers* v. *Chambers,* 53 Miss. 259 ; *McCready* v. *Lansdale,* 58 Miss. 879; *Enochs* v. *Miller,* 60 Miss. 19.

As to so much of the land as was intended to be conveyed and was not included in this description the complainant was entitled to relief by a correction of the deed as against Fowler and all claiming under him with knowledge of the mistake. *Cummings* v. *Steele,* 54 Miss. 647. Nor will the relief be denied because the parties made a mistake as to the legal sufficiency of the description. *Sparks* v. *Pittman,* 51 Miss. 511. But it cannot be corrected as against a person who, without knowledge of the mistake, has acquired a lien upon the land by legal proceedings. *Nugent* v.

*Priebatch, ante; Miss. Val. Co.* v. *R. R.,* 58 Miss. 347; *Duke* v. *Clarke,* 1 D. 465.

Goodbar & Co., having acquired their right by attachment before notice of the mistake, are entitled to subject the land not included by the description to the payment of their judgment as against the Dunn mortgage. The Chancellor directed this mortgage to be re-formed as well against Goodbar & Co. as against the mortgagor and Lemmon & Gale, who had notice of the mistake. Ordinarily this would result in a reversal of the decree, but such result should not follow in this case, because we think it is undoubtedly shown by the record that in no event can these parties realize anything on their judgment from a sale of the land.

Plats of the land actually owned by Fowler, and as conveyed by him to Dunn, show that the conveyance covers all the land except about ten acres, which is covered by the description in the mortgage to Lemmon & Gale. These ten acres are shown by the evidence to be worth not more than ten or twelve dollars per acre, and it is further shown that the mortgagor, Fowler, is insolvent. We have then, eliminating all the lands from consideration except these ten acres, this condition of things :

Dunn has a mortgage on these ten acres void for uncertainty as against Goodbar & Co., but good as against Lemmon & Gale, who had notice of the mistake, while Lemmon & Gale have a mortgage which sufficiently describes the land and which has priority over the attachment of Goodbar & Co.

What are the rights of the parties under these circumstances? On a casual examination it would seem that Dunn could take the proceeds of the land from Lemmon & Gale, and that Goodbar & Co. could take it from him, and then that Lemmon & Gale could re-take it to lose it again to Dunn, and so the one in possession of the fund would always find his rights postponed to one of the other claimants.

We think, however, the rights of the respective parties are preserved under such circumstances by the following rule :

If the proceeds of the property are insufficient to discharge all the liens but exceed the amount of the second mortgage, an amount

equal to the second mortgage is to be set aside and the balance so far as necessary appropriated to the payment of the third encumbrancer. The priority of the first mortgage over the second is to be retained on a settlement of their rights for an amount equal to the first mortgage debt after subtracting therefrom the sum paid to the third encumbrancer; if, however, the sum realized by a sale of the property does not equal the second mortgage debt, the third encumbrancer is to be ignored, and the fund distributed between the first and second mortgagees, the first being paid his debt in full. In this way the rights of all the parties are preserved, for the third encumbrancer is entitled to nothing until the second is paid, and the second has no right to any of the fund until an amount equal to the first mortgage has been taken therefrom, and the first mortgagee should not be permitted to charge against the second any sum which by reason of his laches has been appropriated to the third.

The amount of the second mortgage debt in this case is about nine hundred dollars. The value of the land as to which the third encumbrancers are superior to the first is only from one hundred dollars to one hundred and twenty-five dollars. In no event, therefore, could they be entitled to any part of the fund, and to remand the case would but be to accumulate costs. The decree will therefore be affirmed, but the costs of this appeal are to be paid in equal parts by the appellants, Lemmon & Gale, and the appellee.