AMANDA M. GOFORTH ET AL. *v.* STINGLEY, TAYLOR & CO.

1. EJECTMENT. *Bill of particulars. Code* 1892, ¿ 1652. *Amendment. Delay.*

   In ejectment it is not reversible error to deny plaintiff's application to amend his bill of particulars of title under code 1892, ¿ 1652, regulating the subject, where the same was made after the jury was impaneled and after undue delay, without explaining the delay or submitting the amendment proposed to the court.

2. SAME. *Evidence.*

   The statute, code 1892, ¿ 1652, expressly confines the parties in an action of ejectment, where they have filed such bills, to the evidence specified in their bills of particulars of title.

FROM the circuit court of Rankin county.

HON. JAMES H. NEVILLE, Judge.

Goforth and others, appellants, were plaintiffs in the court below; Stingley, Taylor & Co., appellees, were defendants

there.    From a judgment on a peremptory instruction in defendant's favor, the plaintiffs appealed to the supreme court. The opinion fully states the facts.

*William Buchanan* and *Bee King*, for appellants.

The court below erred in disallowing the appellant's application to amend their bill of particulars.    They offered to amend it so as to show that plaintiffs deraigned title to the land from the government.    Code 1892, § 1652, authorized the amendment and its refusal was an abuse of judicial discretion to the prejudice of appellants.

*A. J. McLaurin*, for appellees.

On the first day of the term of court, the case was called, and set for the second day, and afterwards set for the eighth day, and on the eighth day, after both parties had announced themselves ready for trial, and the jury was in the box, plaintiff's counsel made application to be allowed to prepare and file an amended bill of particulars.    No cause was shown for so doing and no explanation was made why the application came so late, nor why counsel should be allowed to stop the proceedings in order to prepare and file a new bill of particulars.    Defendant's counsel objected, and the court sustained the objection.    The trial proceeded on the original bill of particulars, which showed the plaintiff to have no case, and a peremptory instruction was correctly given for the defendant. *Winn* v. *Cole*, 1 Miss. (Walker), 123.

Then, the only question that is left for discussion is whether the court is affirmatively shown to have done wrong in not stopping the proceedings for the plaintiff's counsel to prepare and file an amended bill of particulars.    The law on this question is found in § 1652, code 1892.    It is contained in this sentence of that section:    '' But the court or judge may, upon cause shown, allow either party to serve an amended bill of particulars.''

This statute, and this extract from it, is the law of amendments in this particular. The court had no authority to allow the filing of an amended bill of particulars without some cause shown. *Harris* v. *State*, 72 Miss., 965.

Argued orally by *A. J. McLaurin*, for appellant.

CALHOON, J., delivered the opinion of the court.

At the return term of this action of ejectment, the parties having joined issue on the plea of not guilty, and each having demanded of the other a bill of particulars of title, the court allowed each ninety days in which to file the same, and each did file a bill of particulars within that period. The defendants below, in their bill of particulars, claimed title solely from adverse possession for more than ten years before suit brought, but conclude it in the following words: "And their title to said land, if there ever was any deficiency therein, which they do not admit, has been perfected by such adverse possession." The plaintiffs, in their bill of particulars, claim title on the sole ground that they are the heirs at law of one J. M. McDonald, deceased, and to show title in this ancestor they make no pretense of deraigning it from the government down, nor of any title by adverse possession, but simply refer to a deed from one Goforth to McDonald, and to two deeds from one Bussey to one W. W. Goforth, and then aver that Bussey inherited from his wife, Mary S. Bussey. In this situation of affairs the case was called for trial on the first day of the next term of court—the trial term—and then was set for trial on the next day, and on that next day was reset for trial on the eighth day. On this eighth day, the case being called for trial, both parties having announced ready for trial, and the jury being then in the box, plaintiffs asked leave to file an amended bill of particulars, to show that they had title from the government, and the court refused this request.

We cannot hold that there was any abuse of discretion in refusing to allow this amendment, requested, as it was, at a

time so late in the history of the cause.    On its face the ruling
would seem clearly right, and we could not intelligently review
it, because it does not appear from the record that any reason
whatever was given for the failure to file the document within
the time originally allowed, or to ask the permission to file it
before announcing ready for the actual trial, with the jury in
the box; nor does the record anywhere show that the amend-
ment itself was exhibited to the court.    It may have been a
nullity on its face if exhibited.    This ruling being correct, the
plaintiffs had no case.    Defendants were presumed by law to
be in the rightful possession until the plaintiffs showed title,
and, until this was done, they need say nothing, and plaintiffs
could not, in the evidence they adduced, travel outside the
boundaries of the bill of particulars they did file, and this bill
showed no warrant to disturb the defendants.    By § 1652,
code 1892, the parties are expressly confined in the evidence,
whether documentary or parol, which they may offer, to the
matters contained in their bill of particulars, and it also ex-
pressly provides for distinct notice of such parol or docu-
mentary facts.    In this case there were efforts by plaintiffs to
show title by facts outside of their bill of particulars, and the
court properly gave the jury a peremptory charge to find for
defendants.

*Affirmed.*