MATTHEW MORRISON *v*. HENRY Y. HARDIN.

1. CHANCERY PRACTICE.  *Answer.  Oath waived.  Code* 1892, § 534.

  Under code 1892, § 534, authorizing complainant to waive defend-
    ant's oath to an answer to a bill in equity, a sworn answer, where
    the oath was waived, is of no greater effect than an unsworn one.

2. LAND.  *Description.  Quantity.  When controlling.*

  Quantity is a part of the description of land when given in a deed,
    and when it is made more certain and material than boundary,
    and is the leading object of the grant, it should govern in case of
    conflict.

FROM the chancery court of Pontotoc county.

HON. HENRY L. MULDROW, Chancellor.

Hardin, appellee, was complainant, and Morrison, appellant,
defendant in the court below.  From a decree in complainant's
favor defendant appealed to the supreme court.  The facts
were: One Widener, owning the southwest one-fourth of sec-
tion 30, township 39, range 3 east, in Pontotoc county, con-
taining 160 acres of land, conveyed it all to appellee, Hardin,
except thirty acres, describing the excepted thirty acres by
metes and bounds, the deed reciting that it was intended to
convey 130 acres in said quarter section.  Hardin went into
possession under this deed.  The remainder of the quarter
section was subsequently conveyed to some other person by
Widener by the same metes and bounds as appeared in Har-
din's deed, and appellant purchased from this other person
with the same description by metes and bounds, these deeds
reciting that thirty acres in said quarter section were conveyed.
In March, 1900, Hardin filed the bill in this case in the chan-
cery court against Morrison, alleging that Widener and Har-

din made a mistake in the original deed from Widener to Hardin, and that, instead of the metes and bounds therein set forth, others should have been inserted, which would have reserved exactly thirty acres, instead of forty-one and three-fifths, actually reserved. The prayer of the bill was that the mistake be corrected and the deed reformed. Morrison answered, denying that there was a mistake, and denying that he knew of the alleged mistake. On the hearing the chancellor sustained the bill and reformed the deed.

*Mitchell & Fletcher*, for appellant.

It is a familiar doctrine in the construction of deeds that in a conflict between descriptions by metes and bounds, and descriptions by quantity, the metes and bounds will control. 4 Am. & Eng. Ency. Law (2d ed.), 760; *Ayers v. Watson*, 113 U. S., 594. And the rule is that a conveyance by metes and bounds will carry all and only the land within them, although it exceeds or falls short of the quantity specified in the deed. 4 Am. & Eng. Ency. Law (2d ed.), 763. Where land is definitely described by boundaries, and the quantity of acres is given, it will be considered merely as part of the description and being less certain than the boundaries, must be controlled by them. *Carmichael* v. *Foley*, 1 How. (Miss.), 591.

In the case last cited it will be noted that the boundaries were uncertain, and therefore the number of acres as an element of description became important; but the court says: "If, therefore, the boundaries in this instance had been so accurately described as to leave no doubt, the quantity of acres mentioned would only be deemed a false or mistaken circumstance not essential to the operation of the grant."

Where a vendor sold a fractional section containing 562 acres, and the tract so sold contained but 465 acres, the vendee was denied relief. *Moore* v. *Vick*, 2 How. (Miss.), 746.

It has been held that where a specific tract is sold for a sum in gross, the boundaries of the tract control the description of

the quantity, and neither party can have a remedy for an excess or deficit. *Kerr* v. *Kuykendall*, 44 Miss., 137. And the sale of land from Widener to Hardin, in the case at bar, was for a sum in gross, and not by the acre.

Where the lands are described by a general and a particular description and the two are repugnant to each other, the particular description will control and the other be rejected as false. *Carter* v. *Chevalier*, 108 Ala., 663; *Parker* v. *Kane*, 22 How. (U. S.), 1.

The deed in the case at bar speaks of the reserved portion as "thirty acres, more or less." As to the force of these words and the mutual risk they impose upon the vendor and purchaser. See *Phipps* v. *Tarpley*, 24 Miss., 597.

*Fontaine & Fontaine*, for appellee.

It is clear that the deed from Winder to appellee conveys the whole of the southwest ¼ of section 30, township 9, range 3, east, except thirty acres, which by the express terms of the deed is intended to be exempt from the sale, and the deed is intended to convey 130 acres in said southwest ¼ of said section, township and range. This is expressed in clear and unambiguous terms, and there can be no doubt but that the grantor in the deed intended to convey, and the appellee to have 130 acres of land, and that this was of the essence of the contract, and the quantity is equally a part of the description, and when it is more certain and more material than boundary, and appears from the deed to have been the leading object of the grant, it should be retained as a material part of the description. *Carmichael* v. *Foley*, 1 How. (Miss.), 591. And it controls where it is of the essence of the contract. 4 Am. & Eng. Ency. Law (2d ed.), 790, sec. 3, and authorities cited in note 2, same page.

And where there is a clear intention expressed in the deed to convey a certain quantity only. 4 Am. & Eng. Ency. Law (2d ed.), 790, sec. 3, and authorities cited in note 2, p. 791.

And where there is no expressed or implied covenant in the deed to convey a definite quantity only.　4 Am. & Eng. Ency. Law (2d ed.); 790, sec. 3, and authorities cited in note 2, p. 791.

Quantity being the controlling and leading object, the mistake is in the description of the thirty acres exempted from the sale.　By this forty-one and one-half acres are exempted instead of thirty acres, but the mistake cannot affect appellee's deed. *McAllister* v. *Honea*, 71 Miss., 256 ; *Spears* v. *Robinson*, 71 Miss., 774.

Nor can the use of the words, "more or less," superadded to the description of the thirty acres exempted aid appellant; the variation is too considerable.　By the mistake in the description appellant gets above one-third more land than he is entitled to, and more than was intended by the terms of the deed to be conveyed.　*Phipps* v. *Tarpley*, 24 Miss., 597.

The mistake in the description of the thirty acres exempted is a patent one, and where there is a mistake in the description of the land so that all the land intended to be conveyed is not included in the description, the grantee is entitled to correct the deed, as against the grantor and those claiming under him, having knowledge of the mistake.　*Goodbar & Co.* v. *Dunn*, 61 Miss., 618 ; 20 Am. & Eng. Ency. Law (2d ed.), 826, sec. (b), and authorities cited in note 7, p. 826, and authorities cited in notes 3, 4, 5 and 6, p. 827.　*Leonard* v. *Austin*, 2 How. (Miss.), 888.

TERRAL, J., delivered the opinion of the court.

This is a bill by Hardin to correct and reform a deed to a certain parcel of land, which was submitted to the chancellor upon the sole proof of the complainant.　Hardin testified and fully explained the mistake sought to be corrected, and the case was decided upon his sole testimony, nothing being offered upon the side of Morrison.　Morrison made an answer under oath, but the bill of Hardin expressly waived answer under oath, and the answer of Morrison can only have the effect of

an unsworn answer. We think it satisfactorily appears that the metes and bounds mentioned in the deed ought to be governed by that part of the deed which clearly shows that quantity was a controlling part of the description of the land. It was said in *Carmichael* v. *Foley*, 1 How., 591, that quantity is a part of the description of land, and, when it appears from the deed to have been the leading object of the grant, it should govern. The chancellor decided the quantity in the deed to have been a leading and controlling one, and we concur in his decision.

*Affirmed.*