EARLY & COMPANY *v.* WILBER F. LONG.

[42 South. Rep., 348.]

1. EJECTMENT. *Bill of particulars. Code* 1892, § 1652.

   A defendant in ejectment, wholly failing to render a bill of particulars of his title when properly demanded of him under Code 1892, § 1652, providing therefor, or to offer any excuse for his failure, is not entitled, objection being made, to introduce evidence of his title.

2. DEEDS. *Descriptions. Ambiguity.*

   A description of land in a deed as "part of the southwest east quarter, containing thirty-one and one-quarter acres" is void for uncertainty.

3. SAME.

   A description of land in a deed of fifteen acres, "more or less," off the southwest corner of a quarter section, signifies a sale in gross of fifteen acres, and is not uncertain because of the words "more or less."

4. SAME.

   A description of land in a deed as "fifteen acres, more or less, off the southwest corner of the northeast quarter" of a. section, means fifteen acres to be laid off in a square and not fifteen acres off the west end of the south half of the quarter section.

FROM the circuit court of Union county.

HON. JAMES B. BOOTHE, Judge.

Early & Company, a corporation, and others, appellants, were plaintiffs in the court below; Long, the appellee, was defendant there. From a judgment in favor of defendant for a part of the land, the plaintiff appealed to the supreme court.

Appellants sued in ejectment to recover land described in the declaration as "Thirty-one and one-fourth acres off the east end of the south half of the northwest quarter, and fifteen acres on the west end of the south half of the northeast quarter" of a certain section. More than thirty days before the trial term of the court plaintiffs, in writing, demanded of defendant, under Code 1892, § 1652, a bill of particulars of defendant's title. The defendant did not furnish any bill of particulars nor offer any excuse for his failure to do so. The plaintiffs on the trial introduced in evidence a sheriff's deed, dated June 5th, 1905, describing the land as it is described in the declaration, reciting that it was sold to plaintiffs under execution to satisfy a judgment rendered against J. C. Long on July 30, 1903, and further offered in evidence the execution and the judgment upon which the sheriff's deed was based. The defendant, over the objection of plaintiffs, read in evidence a deed to himself from Long, defendant in execution, dated January 13, 1903, before the date of the judgment under which plaintiffs claimed, which conveyed certain land in the section described as "the fifteen acres more or less off the southwest corner of the northeast quarter; also part of the southwest east quarter, containing thirty and one-fourth acres." Plaintiff's objection to the introduction of this deed was based on the failure of defendant to furnish a bill of particulars after demand by plaintiffs, under Code 1892, § 1652, providing that after issue joined in ejectment either party may demand in writing of the other a bill of particulars of the title his adversary intends to give in evidence on the trial; the bill of particulars to be delivered in thirty days after demand, or within such further time as the court or judge, on cause shown, may grant, and that the party in default shall not give evidence of title on the trial. Plaintiffs further contended that the words "more or less" rendered the description of the tract first mentioned in defendant's deed uncertain, and that the thirty-one

and one-fourth acres were not sufficiently described, the deed being void for uncertainty. The court below held the deed offered by defendant good for the fifteen acre-tract described therein, and void as to the thirty-one and one-fourth acres, and instructed the jury to find for the plaintiffs as to the thirty-one and one-fourth acres off the east end of the south half of the northwest quarter; and for defendant as to the fifteen acres mentioned in the declaration.

*C. Lee Crum,* for appellants.

This cause must be reversed because the lower court absolutely ignored Code 1892, § 1652, under which defendant, the appellee, was obligated to furnish to the plaintiffs, appellants, a bill of particulars of defendant's title to the land within the statutory period of thirty days from the written demand. Such demand, in strict compliance with the statute, was made upon defendant more than six months before trial. Defendant never furnished a bill of particulars, nor made effort to secure extension of the thirty days' limit within which to furnish the same. The court's attention was called to this before any evidence was introduced by defendant, yet the court, over plaintiffs' objection, allowed defendant to introduce evidence of his claim of title to the land. This error is sufficient to reverse the case; the statute does not allow filing of notice or evidence of title after the thirty days, unless further time is granted by the judge or court "on cause shown," and cause was not shown, or attempted to be shown, and no extension of time was allowed or asked.

Another reason for reversal is that the court below improperly held that the description of the tract of "fifteen acres more or less" was valid. The words "more or less" make the deed ambiguous. *Buckley* v. *Jones,* 29 South. Rep., 1000; *Haughton* v *Sartor,* 71 Miss., 357, citing *Bowers* v. *Andrews,* 52 Miss., 596 (15 Am. & Eng. Ency. Law [1st ed.], 720). The quantity of the land is left in uncertainty, and, moreover, from

the description it cannot be told where "off the southwest corner" of the quarter section the land lies. There is nothing in defendant's deed to show where in the southwest corner of the quarter section the land may be. Nor was there evidence *aliunde* to show exactly how many acres there were, or the metes and bounds. Hence there is a patent ambiguity in the deed, and it is void.

That our contention as to invalidity of the deed is correct see *Leake* v. *Caffey,* 19 South. Rep., 716, where land was described in a trust deed as all of one certain quarter section, and "the north part" of another, "containing in all 225 acres more or less," and being further described as "the same land deeded to Emmanuel Leake by Callicut February 27, 1891," The court held that the use of the words "more or less" rendered the description void, and the ambiguity was cured only by reference to the deed to Leake from Callicut of date certain, which accurately described the land.

A third reason for reversal is that plaintiff's declaration and deed describe the fifteen acres as "fifteen acres on the west end of the south half" of the quarter section; while the description of land claimed by defendant, even if a valid description, is of different land in part, being "fifteen acres more or less off the southwest corner" of the quarter section. Although defendant claimed under such different description, the court charged the jury to find in defendant's favor for the fifteen acres "mentioned in the declaration." This was fatal error. The tracts as described are not similar. The fifteen-acre tract described in the declaration and the sheriff's deed to plaintiffs, being on the west end of the south half of the quarter section is a rectangular tract of thirty rods running east and west by eighty rods north and south. The fifteen acres in defendant's deed, off the southwest corner (eliminating consideration of the words "more or less") would be a square, each side measuring fifty-nine rods. In each tract, as may be easily seen if diagram be made, is land not embraced in the other. De-

fendant could only claim what his deed called for; yet, in the face of this, the court instructed the jury to find in defendant's favor as to the fifteen acres described in plaintiff's deed and declaration, a part of which defendant's deed by no possible construction could embrace.

For self-evident reasons the trial court held that the description in defendant's deed of "part of the southwest east quarter," containing thirty and one-fourth acres, was void.

*Leroy R. Kenneday,* for appellee.

The words "more or less" after the quantitative description of the fifteen acres merely signified a sale in gross of fifteen acres. Under the rule that that is certain which may be made certain, the fifteen acres may be made certain by simply rejecting the words "more or less," leaving a perfectly clear description. These three words are merely precautionary and will not be construed to invalidate the entire deed. *Bowers* v. *Andrews,* 53 Miss., 259; *Pegram* v. *Newman,* 54 Miss., 612; *Hunt* v. *Shackleford,* 56 Miss., 397; *Dow* v. *Jewel,* 45 Am. Dec., 371; *Bishop* v. *Morgan,* 25 Am. Rep., 327; *Oaks* v. *Delancy,* 28 Am. State Rep., 628.

The case of *Leake* v. *Caffey,* 19 South. Rep., 716, cited by the appellants, is not contrary to appellee's contention. In that case the description of the "north part of the N. E. ¼" was less specific than the description of the fifteen acres in defendants' deed here. If the description of the trust deed in *Leake* v. *Caffey* had been "sixty-five acres in north part of the N. E. ¼," the additional words "more or less" would have been rejected and the description held good. In construing the words of a land description we should look first to monuments, then to the courses; and, in their absence, the designated quanity of land will prevail. *Allen* v. *Kersey,* 104 Ind., 1 (3 N. E. Rep., 557). Deeds must be construed so as to effectuate, if possible, the intentions of parties. 13 Cyc., 600. The addition of the words "more or less" in a deed makes the sale one in gross and

not by the acre, even where the consideration is an exact multiple of the number of acres named. 15 Am. & Eng. Ency. Law, 718. Then, in the absence of dispute as to quantity, appellee is entitled to the fifteen acres off of the southwest corner of the quarter section, and as to this the lower court decided correctly.

WHITFIELD, C. J., delivered the opinion of the court.

The court below should not have permitted any evidence to be introduced by the defendant, for the reason that no bill of particulars was furnished by the defendant, after demand made upon him in strict compliance with the statute. Code 1892, § 1652. See *Goforth* v. *Stingly,* 79 Miss., 398 (30 South. Rep., 690).

The action of the learned judge is correct, so far as his construction of the deeds in the case is concerned. He rightly charged the jury to find for the plaintiff as to the thirty-one and one-quarter acres, and he correctly held that the description of the fifteen acres in the defendant's deed was a good description. The words "more or less" after the quantitative description fifteen acres, merely signify a sale in gross of fifteen acres. There is nothing to the contrary in *Leake* v. *Caffey,* 19 South. Rep., 716. The expression in that opinion, to the effect that the description of the land in the trust deed was not good, was made because there were two tracts of land described, and not a single quantity of land followed by the words "more or less." The defendant's deed conveyed fifteen acres, to be taken in a square body off of the southwest corner of the northeast quarter of the section. See 15 Am. & Eng. Ency. Law, 718 *et seq.*

But the court erred in charging the jury to find "for the defendant for the fifteen acres mentioned in the declaration and pleadings in this case," for the reason that plaintiffs' declaration, and their deed, both describe the fifteen acres as being "15 acres on the west end of the S. ½ of the N. E. ¼ of the

section." A simple diagram of the two descriptions, one in the declaration and the plaintiff's deed, and the other in the defendant's deed, will show the error of the court plainly. The jury responded to the charge, and by their verdict gave defendant not the fifteen acres he was entitled to, but part of the fifteen acres and part of other land to which he had no title.

The judgment is reversed, and the cause remanded, that the parties may reform their pleadings, and that the court below may, if it sees proper to do so, on good cause shown, allow defendant still to file his bill of particulars. The case presents the curious attitude of being one in which the construction put by the learned judge below on the deeds is strictly correct, and yet we are forced to reverse his action because of the two singular errors indicated.

*Reversed and remanded.*