HARRIS v. BYERS.

[73 South. 614, Division B.]

1. DEEDS. *Description. Sufficiency.*

Where the description in a land deed was "The land described as the north end of fractional southwest quarter of southwest quarter of section 33, township 18, range 15, containing four acres with the house on it, it sufficiently describes the land.

2. DEEDS. *Warranty. Deed of Trust.*

Where a grantor conveys land by warranty deed which at the time was covered by a deed of trust, he cannot acquire title from a sale under such trust deed and set it up against his grantor but the title so acquired inures to his grantee under his warranty deed.

3. DEEDS. *Property Conveyed. Description.*

Where a deed conveyed land described as the north end of the southwest quarter of the southwest quarter of a named section, township and range, containing four acres if the grantor did not own the entire north end of the southwest quarter of the southwest quarter, his conveyance of four acres off the north end of said subdivision would operate to carry four acres of land off the north end of whatever land he owned in said subdivision.

APPEAL from the chancery court of Oktibbeha county. HON. A. J. McINTYRE, Chancellor.

Suit by Henry Byers against Henderson Harris and others. From a judgment overruling a demurrer to the bill, defendants appeal.

The facts are fully stated in the opinion of the court.

*M. A. Saunders,* for appellant.

Counsel for appellee is wrong in understanding that appellant contended that the word "fractional" carves out a reservation. The case of *McAllister* v. *Honea,* 71 Miss. 256, 14 So. 264, gives a very clear and lucid definition of what constitutes an exception. Quoting from the opinion in that case we find the following: "An exception is a clause of the deed whereby the grantor excepts something out of that which he has before granted by the deed." In this case nothing has before been granted and therefore surely nothing can be excepted. In that case the court goes on to state the necessary elements in a valid exception. While the McAllister case states well settled principles of law, nevertheless, it is wholly inapplicable to the case before us.

Coming now to the case of *Swann* v. *Mortgage Co.,* 75 Miss. 907, 23 So. 627, you can readily differentiate that case from the case at bar. In the Swann case the word "corner" was used; and, as said in the above opinion this gives a "base point" from which to start measurement and the court further said that the words "fractional corner" are a contradiction of terms. In the case at bar, we have no "base point" and are left simply to the resourcefulness of our own imaginations as to the point proper for commencement.

Discussing next, the case of *Hazlip* v. *Noland,* 6 S. & M. 294, we find that case to be a suit upon certain notes given by Joseph Galtney, deceased. Noland had executed and delivered to Galtney bond for title, and certainly gives particular description as to parts of

section and as to the county, but leaves out township and range, specifying particularly that said lands are on Cypress Creek; the court held that this description can be made absolutely certain and that, therefore, under the facts in that case, that the said description was valid. In the instant case, we have bill filed for the purpose of cancelling conveyances as a cloud upon the title. The Hazlip case was a plain action at law upon promissory notes. There was judgment for the plaintiff and judgment was affirmed. In this case, we have suit in equity which seeks definite and specific relief along lines indicated in the original brief and as specifically shown in the bill. We again most respectfully call the court's attention to the following cases: *Jones* v. *Rogers,* 85 Miss. 803, 38 So. 742; *Carlisle* v. *Trindall,* 59 Miss. 229; *Hart* v. *Broomfield,* 66 Miss.—5 So. 620; *Goff* v. *Cole,* 71 Miss. 46, 13 So. 870; *Wilkinson* v. *Hiller,* 71 Miss. 678, 14 So. 442; *Gregory* v. *Brogan,* 74 Miss. 699, 21 So. 521; *Wilberger* v. *Puckett,* 78 Miss. 650, 29 So. 393.

While this description is absolutely void, let us for the sake of argument, leave out the word "fractional," altogether and see where we stand. The description would then be "north end of the southwest quarter of southwest quarter, section 33, Township 18, Range 15 east, containing four acres with house on it." This would give a four acre strip off the entire north end of southwest quarter of southwest quarter of said section 33. Complainant, however, states specifically in his bill that this was not the land intended to be conveyed, but that "the land actually intended to be conveyed was a strip of land off of the north end of that part of the southwest quarter of the southwest quarter, section 33, Township 18, Range 15 east, lying east of the Starkville and Macon road. The same being of equal width at both ends and of sufficient proportion to constitute a block of four acres and to embrace the house re-

ferred to in said deed.'' The bill specifies, also, and alleges that ''Horace Byers did not own the entire southwest quarter of the southwest quarter etc., but only that part lying east of the said Starkville and Macon road.'' Therefore, if we treat the word ''fractional'' as a mere nullity, still we find the complainant claiming yet another piece of land.

In other words, the description if corrected by the omission of the word ''fractional'' would not entitle the plaintiff to the land which he claims in his bill.

The demurrer in this case only admits those allegations which are well pleaded, and, with this in view, we are brought face to face with the decision of *Bowers* v. *Chess & Waymand Co.,* 83 Miss. 218, 35 So. 444. The court in that case, speaking through Chief Justice Whitfield, pointed out the fallacy of just such a proposition as is presented by appellee in this case. We admit everything in the bill which is well pleaded, but submit and contend most respectfully, that the complainant cannot show a deed which calls for one piece of land and seeks cancellation of title for another piece of land, which he claims was intended to be conveyed in the deed. Follow this matter logically, when the deed was offered it would certainly be rejected under ''parole evidence rule,'' which is set out so concisely and clearly in the Bowser case.

*G. Odie Daniel,* for appellee.

Appellant's demurrer, being a general one, must be overruled if the bill is good in part. Besides asking for specific relief, appellee said:'' If complainant has not prayed for proper relief, he now prays for such other, further, general and different relief as to the court may seem meet and proper in the premises etc. Therefore any relief not inconsistent with the allegations of the bill, but supported by it, could and should have been given so as to meet the demand of equity and good

conscience. This rule is so well settled that I shall only cite · the old cases of *Pleasant* v. *Grosscock*, S. & M. Chcy. 17.

That a grantor cannot acquire an outstanding title or interest in property so as to defeat his warranty is so well settled in this state that it is useless to search for authorities, but will refer only to *Bush* v. *Cooper,* 26 Miss 599, and *Mitchell* v. *Woodson,* 37 Miss. 567.

The only proposition urged by appellant in the lower court was that the word "fractional" modifying the description southwest quarter, southwest quarter constituted a patent ambiguity and that appellee could not travel. He renews the same proposition with the first paragraph in his brief in this court.

This word, if used as appellant seems to understand it, is intended to carve out of the southwest quarter of southwest quarter, a reservation. That "Fractional" is less than the whole southwest quarter of southwest quarter, and is intended to segregate part of that forty acres and carve the four acres conveyed out of part of the forty. Then if appellant is correct, the word fractional constitutes a reservation from the whole tract. If the word fractional had not been written into the deed, it is certain there would have been no trouble in locating the land intended to be conveyed. It would be a strip forty-four yards by four hundred forty yards off the north end of this forty acres. If·· it had been left out, there would have been no demurrer, possibly and possibly no appeal. This word if so used was intended to effect a reservation or exception to some part of the southwest quarter of southwest quarter. Our court held in *McAllister* v. *Honea,* 71 Miss. 256, that where an ambiguity related to the exception and not the whole, the exception should be disregarded. If it is disregarded, then the land in question will be four acres off the north end of this forty acre block and no ambiguity can exist, and no defect be pleaded. If the first deed referred to in the bill did not cover the whole

forty acres, but only that part east of the road, no allegation has been made in the bill as to how much, or how many acres there were east of said road, therefore it is a question yet to be determined, and oral evidence would be competent to determine the same.

Our supreme court in the case of *Swann* v. *Mfg. Co.* 75 Miss. 907, said: If reasonably possible such construction must be given as will uphold the deed and not impute to the parties the purpose to execute an instrument which is a nullity." In this case just referred to occurred the word fractional; and that word was by the court entirely eliminated.

But cannot the word "fractional" still be retained in the bill, and with the other words therein contained to-wit: "With a house on it" sufficiently indentify and locate the property so it may be located? I think it can. If I may seem to refer to old decisions too much, it is only because they are more exhaustive. In the case of *Hazlip* v. *Noland,* 6 How. 294, which construed a deed to property situated in the county we had the following deed to make good: "Know all men by these presents, that I, Pearce Noland of the county of Warren and State of Mississippi, bind myself, my heirs, and assigns, for six hundred and forty acres of land lying and being in Octibbeha (meaning Oktibbeha) county, on a branch called Cypress creek; the lots are described as follows, to-wit: three quarter sections in section seven; section five, one-eighth; in section four, one-eighth," etc., etc.

When this deed, or a deed conveying this property was offered as evidence in court, objection was made and deed excluded, and this, among other things was assigned as error. Chief Justice SHARKEY in passing upon this proposition said: "The defect relied on is that the township and range in which these sections are situated, are omitted in the description; that sections having these numbers are to be found in every township, and that each county must contain a number of

townships. This may be true (says Justice SHARKEY)
and unaided by other descriptive calls, the description
would be uncertain. But because there are other sec-
tions in the county designated by the same numbers,
it does not follow that these sections lie on Cypress
creek. The creek is the general or locative call; the
sections, the particular call. If it should turn out that
there are other sections of the same number on that
creek then there is an ambiguity, but it is latent, arising
not from the description but from a collateral matter,
or extrinsic evidence and may be explained by parol
testimony on the principal that when there are two or
more persons or things which answer the description in
the instrument, parol testimony is admissible to show
which was intended"—Then after commenting on the
lack of township or range the court further said: "But
this apparent uncertainty like the uncertainty in the
sections is removed by locating the parts of sections
on Cypress creek."

This opinion has not been criticised, modified or over-
ruled and what Judge SHARKEY said then is not only
the law to-day, but the facts of that case fit into this
case so well that they may be called identical. In that
case, "three quarter sections in section seven" was not
described by any other words, and it could not have been
told which "three quarter sections" were meant, if the
scrivener had not located the "quarter sections" on
"Cypress creek." So in the case at bar. The court
could not tell which "fractional" north end of south-
west half was intended, if the scrivener had not stated
which "fractional" it was, by saying it had "a house
on it." Two peas were never more alike.

Clearly the authorities quoted by appellant were upon
cases materially different from the one at bar. If the
property cannot be located, or any part of it, by the
description contained in the deed, then every one will
admit there is a patent defect; but the "north end" can

112 Miss.—42

be located. The "house on it" can be located, and if the "north end" is taken so as to include the "house on it" then we have the "four acres" we want, because as alleged in the bill, if the four acres were taken off the entire north end the strip would not be wide enough to include the "house." With "fractional" construed as being a proper word, or part of the description, the four acres conveyed can be located by two monuments; the "north end" of this southwest quarter of southwest quarter and "with a house on it."

The statement of appellant that complainant must show as perfect a title as would enable him to recover by ejectment, is too strong. If we should show that good a title, we might not have a standing in a court of equity because of an adequate remedy at law.

The bill shows that title was derived from a common source. We deraign the title from the time it was first in Henderson Harris to date, giving the dates, deed books and pages. Henderson Harris was the common source.

The demurrer was properly overruled. In the first place under the prayers in the bill special and general relief was sought, and if full relief could not have been secured partial relief could and the general demurrer should have been overruled. Again, if the deed cannot be construed so as to leave the word "fractional" then its elimination would entitle us to relief to a strip off the entire north end, because the word constitutes a limitation only and under the decision quoted the ambiguities of a reservation should not invalidate the whole deed. And lastly, under the very carefully added descriptions of "four acres, "north end" and, "with a house on it," we think the land can easily be located, coupling the number of acres, location with house and north end together. That four acres then could be as easily located as the whole southwest quarter of southwest quarter.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from the chancery court of Oktib-beha county from a judgment overruling a demurrer to the bill; an appeal being granted to settle the principles of the case. The appellant Henderson Harris was for-merly owner of the land in controversy, and conveyed to Horace Byers, father of the appellee, the tract of land described as "all of the land lying east of the Starkville & Macon Road containing forty acres, more or less, and known as the fractional southwest quarter of the south-west quarter of section 33, township 18, range 15." Afterwards Horace Byers conveyed to the appellee, Henry Byers, "the land described as the north end of fractional southwest quarter of southwest quarter of section 33, township 18, range 15, containing four acres, with the house on it." At the time of the first convey-ance there was a deed of trust given by Henderson Harris on the above lands, which were afterwards sold, and one D. A. Saunders purchased at the trustee's sale, and afterwards sold to Henderson Harris and his wife, Sarah Harris. Sarah Harris is the daughter of Horace Byers, and after his death took possession of the prop-erty conveyed to Horace Byers by Henderson Harris, and was in possession at the time the suit was brought, and, the bill alleges, had been for about eight years. The deed from Henderson Harris to Horace Byers was a warranty deed. The bill prays for a cancellation of the claims as against the appellee's four acres of land, and for an accounting for rents during the eight-year period in which the appellants have been in pos-session. The bill also sets out that Sarah Harris and Henderson Harris bought from D. A. Saunders the property in question, did not pay anything for the same, and that Sarah Harris was made a grantee for the purpose of depriving the appellee or the complain-ant of his right and title to the land. The appellants de-murred to the bill on the ground principally that the

bill did not show perfect title in the complainant and that the deed by which complainant claims title is void upon its face, and that the bill states no cause of action. The main reliance of the appellants to secure a reversal is that the deed is void.

The description of the deed from Horace Byers to Henry Byers is good. See *Selden* v. *Coffee,* 55 Miss. 41; *Swan* v. *Union Mortgage & Security Co.,* 75 Miss. 912, 23 So. 627; *Goodbar* v. *Dunn,* 61 Miss. 618.

Henderson Harris conveyed warranty title to Horace Byers, and, there being at the time of said warranty an outstanding deed of trust through which he now claims title, and having obtained title subsequent to said conveyance through said deed of trust, the title so acquired operates to his grantee and his assignees.

If Horace Byers did not own the entire north end of the southwest quarter of the southwest quarter, his conveyance of four acres off the north end of said subdivision would operate to carry four acres of land off the north end of whatever land he owned in said subdivision.

It follows from the foregoing that the judgment of the chancellor is affirmed, and the cause is remanded for further proceedings.

*Affirmed and remanded.*