## HEROD v. ROBINSON.*

(Division B. Oct. 3, 1927. Suggestion of Error Overruled Jan. 9, 1928.)
[115 So. 40. No. 26512.]

1. DEEDS. *Deed conveying one hundred forty acres in south part of section 31, township 5, range 3 west, lying south of specified road, and bounded on east by land of person named, held not void for uncertainty.*

   A description in a deed conveying "one hundred forty acres in south part of section 31, township 5, of range 3 west, lying south of Raymond and Port Gibson road, and bounded on east by land of J. R. Bryant," does not render deed void for uncertainty, but conveys only one hundred forty acres of land to be located from the eastern boundary, and between the road and the south line of the section.

2. DEEDS. *Deed containing specific number of acres without definite boundary lines conveys only such area.*

   A deed containing a specific number of acres, without full, definite boundary lines, conveys only such specified number of acres.

3. DEEDS. *Grantor, conveying all her lands in governmental description, cannot change effect of first deed to injury of subsequent grantees.*

   Where land is conveyed by a sufficient description, and the grantor subsequently conveys all other lands owned by her in said gov-

ernmental description, she cannot afterwards change the effect of her deed to the hurt of the subsequent grantees, so as to show that she intended to convey more than called for by the deed first given.

ON SUGGESTION OF ERROR.

4. REFORMATION\ OF INSTRUMENTS. *Volunteer grantee cannot maintain bill to reform deed, unless it represents formal settlement, or comes within exception to general rule; volunteer cannot ordinarily have conveyance reformed; pleadings must make case bringing volunteer's bill to reform conveyance within exceptions to general rule, before bill will be entertained.*

A grantee who is a mere volunteer in a deed of conveyance cannot maintain a bill to reform a deed, unless it represents a family settlement, or comes within some exception to the general rule. A volunteer cannot ordinarily have a conveyance reformed, and the pleadings must make a case bringing it within the exceptions, before such bill will be entertained.

*Corpus Juris-Cyc. References: Boundaries, /9CJ, p. 229, n. 71; Deeds, 18CJ, p. 180, n. 91; p. 217, n. 37; Reformation of Instruments, 34Cyc, p. 928, n. 62; p. 951, n. 71.

APPEAL from chancery court of Hinds county. HON. V. J. STRICKER, Chancellor.

Suit by Mrs. Leone H. Robinson against J. T. Herod. From a decree for complainant, defendant appeals. Reversed and remanded.

*E. O. Sykes* and *M. Ney Williams,* for appellant.

*Wells, Stevens & Jones,* for appellee.

ETHRIDGE, J.   The appellee, Mrs. Robinson, filed her bill in the chancery court to confirm her title to certain lands therein described, the material part of the description reading, "one hundred forty acres in south part of section 31, township 5, of range 3 west, lying south of Raymond and Port Gibson road, and bounded on east by land of J. R. Bryant," claiming title through her

mother, who formerly owned the lands. Subsequent to the execution of this deed to Mrs. Robinson, her mother, Mrs. Julia A. Herod, deeded all of the rest of the lands owned by her in said section 31 to the three appellants, her sons, in which deed the conveyances to Mrs. Robinson and to J. R. Bryant were referred to and were excepted.

The appellants contend that there were more than one hundred forty acres lying south of the Raymond and Port Gibson road, and bounded on the east by the land of J. R. Bryant, and that they are entitled to the excess over one hundred forty acres contained in said tract of land.

At the instance of the parties to the suit, the chancellor appointed the county surveyor and another civil engineer to make a survey of the land in question, and to report to the court the result thereof. These surveyors proceeded to the premises, and found a corner which had been established by one Stone, a surveyor, about the year 1870, and from that line ran out the lands involved, and reported to the court there were one hundred forty-five acres in said tract. These surveyors, however, did not locate the section corners, and did not run off the sections, but assumed that said corner marked by Stone was the correct corner. The survey, as made by Stone about the year 1870, showed there were one hundred forty-two acres in this body of land. Subsequent to the Stone survey, one Pearce made a survey of this land and calculated the acreage in the tract as one hundred thirty-nine and a fraction acres.

Considerable testimony was introduced with reference to the intention of the grantor and certain conversations made by her in her lifetime, she being dead at the time the suit was tried; also a corrected deed made in 1921, in which it is recited that the purpose of giving same was to correct a former deed, so as to embrace all the lands in said section lying south and east of this road.

The chancellor, after hearing, decreed for complainant, awarding her the entire tract, in which opinion, which is

made a part of the record, he states that the description without the aid of parol testimony would be uncertain and void. He adopted the old Stone survey as being the correct one, and decreed that, although there was surplus acreage, it was the intention of the grantor to convey the entire tract, and that the appellee would get the surplus acreage.

Prior to making the corrected deed in 1921, Mrs. Herod had conveyed to her sons all her property not already conveyed to Mrs. Robinson.

The case comes here then for consideration on appeal of the appellants, who contend that the description in the deed is certain and definite, that there is no ambiguity, and that the lands can be located by a simple survey, and that it was the intention of the deed to grant to Mrs. Robinson only one hundred forty acres.

We think the deed is not void for uncertainty, and, as it conveys one hundred forty acres in the south part of section 31, lying south of the Raymond and Port Gibson road, and bounded on the east by the land of Bryant, that the only proof needed to make the conveyance perfectly certain, and to locate the land definitely, is to locate the land owned by Bryant, and the Raymond and Port Gibson road, and the south boundary of the section, and, proceeding from the boundary line of the Bryant tract as the east boundary of the one hundred forty acres conveyed, lay off one hundred forty acres, making this line the east boundary of the one hundred forty acres. The record shows that the Raymond and Port Gibson road enters the eastern side of the southwest quarter a little south of the central dividing point on said quarter section line, and runs southwest in an irregular line, varying at different parts of the line in degrees, and crosses the south line of section 31 east of the southwest corner approximately one-fourth of the distance between the southwest corner and a dividing line between the land conveyed and the Bryant tract.

In our opinion, the chancellor erred in holding that the deed intended to convey more than one hundred forty acres, provided there was more in said body of land. The deed, on this point, is specific, and its grant is positive and unequivocal as to the acreage. This being true, we cannot interpret into the deed an intent to grant more than the land it conveyed, where the land is not definitely described by metes and bounds, and its bounds fixed.

Generally speaking, a description of land in a deed is not void if it contains sufficient *indicia* to indicate what was conveyed, so that, with the deed and the information indicated by it, the land can be located with certainty; and a defect in the description may be cured by aid of parol evidence giving the identity of the premises intended to be conveyed.

*Jenkins* v. *Bodley,* Smedes & M. Ch. 338; *Bingaman* v. *Hyatt,* Smedes & M. Ch. 437; *Tucker* v. *Field,* 51 Miss. 191.

"A description of land in a deed as the 'E. p't S. W. ¼ sec. 38, T. 1, R. 1, W., twenty acres,' is good. The twenty acres may be laid off on the east side by a straight line from north to south across the quarter section." *Mc-Cready* v. *Lansdale,* 58 Miss. 877; *Bowers* v. *Chambers,* 53 Miss. 259; *Enochs* v. *Miller,* 60 Miss. 19; *Goodbar* v. *Dunn,* 61 Miss. 618; *Tierney* v. *Brown,* 65 Miss. 563, 5 So. 104, 7 Am. St. Rep. 679.

"A description in the deed of land of a specified number of acres 'more or less' off the southwest corner of a quarter section is a conveyance in gross of fifteen acres, and is not rendered uncertain by the words 'more or less.'" *Early & Co.* v. *Long,* 89 Miss. 285, 42 So. 348.

"A deed conveying 'the land described as the north end of fractional southwest quarter of southwest quarter of section 33, township 18, range 15, containing four acres, with the house on it,' sufficiently described the land," in the case of *Harris* v. *Byers,* 112 Miss. 651, 73 So. 614. See, also, *Riggin* v. *Hogg,* 203 Ala. 243, 82 So. 341.

In *Morrison* v. *Hardin,* 81 Miss. 583, 33 So. 80, a deed made by one Widener, who owned the southwest quarter of section 30 in Pontotoc county, containing one hundred sixty acres of land, conveyed it all to the appellee, Hardin, except thirty acres, and described the excepted thirty acres by metes and bounds. The deed recited it was intended to convey one hundred thirty acres in said quarter section. Hardin went into possession under this deed; and the remainder of the quarter section was subsequently conveyed to some other person by Widener, by the same metes and bounds as appeared in the deed to Hardin, and appellant purchased from this other person with the same description by metes and bounds; these deeds reciting that thirty acres in said quarter section were conveyed. The court, speaking through Judge TERRAL, on page 587 (33 So. 81) said:

"We think it satisfactorily appears that the metes and bounds mentioned in the deed ought to be governed by that part of the deed which clearly shows that quantity was a controlling part of the description of the land. It was said in *Carmichael* v. *Foley,* 1 How. 591, that quantity is a part of the description of land, and, when it appears from the deed to have been the leading object of the grant, it should govern."

We think, applying these principles to the case before us, that it must be held that Mrs. Herod's only intent was to convey one hundred forty acres, as she had sold all the land to other parties except this one hundred forty acres, and had used appropriate descriptions. She could not then, by subsequent change, legally affect her former conveyances, to the hurt of the grantees in the second deed.

Therefore the chancellor erred in decreeing for the complainant, but should have ordered the surveyors to locate the one hundred forty acres, as above indicated, first establishing the recognized governmental corners, and locating the land from that point.

*Reversed and remanded.*

## ON SUGGESTION OF ERROR.

It is insisted in the suggestion of error that the court should have upheld the chancellor, because the deed involved originally made by Mrs. Julia A. Herod to Mrs. Robinson intended to convey all that part of the land involved lying south and west of the Raymond and Port Gibson road, and that the subsequent deed made by Mrs. Herod to correct said description, and the other evidence introduced, show clearly that it was Mrs. Herod's intention to deed Mrs. Robinson the entire tract of land involved in this suit. It is further urged that appellants, defendants in the court below, were mere volunteers, and that, although the deed made by Mrs. Herod to correct said description was made subsequent to her deed to appellants, they were not entitled to resist reformation, because they were volunteers. It appears that appellee was also a volunteer, and the ruling as to reformation does not exist in favor of mere voluntary grantees.

The bill and proof do not make a case of family settlement, which is one of the exceptions to the rule that a voluntary grantee cannot have a deed reformed to conform to the original intention. If the transaction was, in fact, a family settlement, which the pleadings do not show, and which we think is necessary for the pleadings to show, that fact should be set up in the bill of complaint, or somewhere in the pleadings. Most of the evidence in the record bearing on the intention in making the deed were expressions and acts by Mrs. Herod subsequent to her conveyance to appellants. The deed to appellants specifically conveys all the tract involved, except that conveyed in the original deed, and the description in the original deed was followed in making the exception in the deed to appellants. After Mrs. Herod made the deed to appellants, her right to make a correction in appellee's deed, in so far as it invaded the rights conveyed by her to the appellants, did not exist. It may be that, on a remand of this case to the court below, the pleadings could be so amended as to make a case of family settlement.

It is not necessary now to decide specifically whether this could be done, but, on a remand of the case to the court below, the amendments could be made in the pleadings within the rules upon such subject; the court generally having the power to allow amendments as it would before the trial of the cause originally.

From the record before us, the contentions in the suggestion of error cannot be sustained, and it will therefore be overruled.

*Overruled.*