ALLEN *et al. v.* ALLEN *et al.*

(Division A. June 8, 1936.)

[168 So. 658. No. 32282.]

736

F. D. Hewitt and L. H. McGehee, both of McComb, for appellants.

Price, Price & Phillips, of Magnolia, for appellees.

Argued orally by **F. D. Hewitt**, for appellant, and by **O. W. Phillips**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

This case arose in the chancery court of Pike county on a bill filed by Mrs. Cyndia Allen as a judgment creditor against her husband, J. Barney Allen, and his brothers, I. P. Allen and R. M. Allen, to set aside a deed executed by Barney Allen to his brothers, his partners in business. The consideration of the deed was four hundred seventy-nine dollars, and it conveyed Barney Allen's one-third interest in about eight hundred acres of land; was dated June 27, 1933, but was not filed for record until January 23, 1934, six months after the rendition of the judgment against Barney Allen for the support of his wife.

The bill charged fraud in the execution of the deed, and that it was executed by Barney Allen to his brothers in an effort to hinder and delay his creditors in the collection of their debts. The property conveyed was alleged to be worth many times the value recited as its consideration.

The answer to the bill denied the charge of fraud, and alleged that the deed was executed in good faith and for a valuable consideration.

On request, the chancellor impaneled a jury to try the issue of fact, and this jury found for the appellee,

complainant in the court below, and a decree was rendered accordingly canceling the deed and ordering a sale of the property to satisfy the debt.

The evidence for the appellee tended to show that Barney Allen had said to his children that he and his brothers had things fixed so they (meaning the children and their mother) would never recover anything from him; evidently referring to his property. The evidence further showed that there had been originally six brothers engaged in this business under an agreement that when any one of them became indebted to the firm beyond his interest he would ''go out,'' and that the consideration recited in the deed of four hundred seventy-nine dollars was an amount of money collected by the firm as Barney Allen's share of a relative's estate.

Barney Allen owed the firm, according to the testimony, about seven thousand six hundred dollars at the time the deed was executed, although they did not know what the books showed at that time; I. P. Allen owed about five thousand three hundred dollars; and R. M. Allen did not owe the firm anything.

It is shown that repeatedly the appellant offered to show the circumstances under which the deed was executed, which were, in substance, that Barney Allen came to R. M. Allen and I. P. Allen and informed them that his debt to the business was heavy, and that he owed them in excess of his interest in the business and that he wanted to give them a deed and get out, and offered to show the real and substantial amount of this indebtedness. The court sustained objections to this evidence, and by its instructions entirely eliminated the same from the consideration of the jury, and told them that they could take into consideration, with the other facts, the inadequacy of the consideration named in the deed.

On the issue of fraud submitted to the jury, there was sufficient evidence for its consideration, and we deem a discussion thereof unnecessary.

The evidence as to another and different consideration

was excluded by the court, evidently, on what is sometimes stated as the parol evidence rule to the effect that if the writing is complete on its face and unambiguous, parol evidence is not admissible to contradict, vary, alter, add to, or detract from, the instrument. The general rule may be more aptly stated, however, by inserting the term, "in the absence of fraud or mistake."

The evidence excluded was competent under the well-known exceptions to the general rule as to parol evidence. Such excluded evidence may or may not have withstood cross-examination, but, under the rule adopted by this court, it was competent, and one who charges fraud of consideration in a written instrument may always show the truth, and this court has distinctly held that a party to an alleged fraud may show the truth, and likewise the other party to such obligation may repel evidence of fraud by showing the truth, even if the evidence tends to show another or a different consideration. In the case of Leach v. Shelby, 58 Miss. 681, on this point, the court said: "This view is correct, and is decisive of this appeal, if it be true that it is admissible to vary by parol the consideration recited in the deed. It re-cites $1,600 as the consideration. The evidence is of another consideration, and counsel says that cannot be shown. There are many cases and assertions by writers which seem to support the objection to parol evidence to show a consideration different from that mentioned in a deed, but we consider the true rule to be that, in a case like this, it is admissible to repel an attack on a deed by evidence aliunde, by like testimony. The deed is assailed for fraud. The charge is sought to be supported by evidence that while the deed purports to have been for $1,600, not a cent was paid or intended to be paid. It is competent to show that although the valuable consideration mentioned did not exist, another valuable consideration did exist, and, therefore, that the deed was not fraudulent or voluntary. The assailant of a conveyance

for fraud may show the truth as to its consideration, whatever are its statements. He who is interested to uphold the conveyance is entitled to show the real consideration, in order to maintain it. Truth is the proper object of investigation, and both parties should stand on the same footing, and have equal opportunity to establish it. This just view is sustained by the authorities'' —citing many decisions from many jurisdictions.

Evidence aliunde the writing has always been held to be competent by this court to show the truth when fraud thereasto is the issue. Wren v. Hoffman, 41 Miss. 616, Kerr v. Kuykendall, 44 Miss. 137, and Dunbar v. Newman, 46 Miss. 231.

An acknowledgment of the payment of the purchase price is merely a receipt, and is subject to parol contradiction. Fowlkes v. Lea, 84 Miss. 509, 36 So. 1036, 68 L. R. A. 925, 2 Ann. Cas. 466; Baum v. Lynn, 72 Miss. 932, 18 So. 428, 30 L. R. A. 441; Thompson v. Bryant, 75 Miss. 12, 21 So. 655; English v. New Orleans & N. E. R. Co., 100 Miss. 575, 56 So. 665, and Martin v. Partee, 121 Miss. 482, 83 So. 673.

It is argued by the appellee that even if this excluded evidence is competent as to consideration because of its inadequacy, the result would not be changed. This contention is wholly untenable. Under our decisions, this evidence was competent and tended to show additional consideration for the deed.

For the reversible error committed, the cause will be reversed and remanded.

Reversed and remanded.