RENFROE v. ASWELL.

(In Banc. April 23, 1945.)

[21 So. (2d) 812. No. 35845.]

Edwards & Edwards, of Mendenhall, for appellant.

Bee King and Jas. B. Sykes, both of Mendenhall, for appellee.

Roberds, J., delivered the opinion of the court.

Aswell and Renfroe were equal partners in a sawmill business. Aswell sued Renfroe in this case upon four notes, aggregating one thousand dollars, which, as claimed by Aswell, were executed by Renfroe as evidence of the purchase price by him of the half interest of Aswell, who,

as a part of the transaction, executed to Renfroe a bill of sale of his interest in the business and the property used therein.

On the trial Renfroe offered to testify that the partnership was badly in debt and that it was orally agreed and understood between the parties before execution of the notes and the bill of sale that the title to the property would be placed in Renfroe and he would attempt to get a loan through a Federal Agency and pay the partnership debts, in which case the notes would be cancelled. The court, on objection, properly excluded evidence of that parol understanding. It was prior to the execution of the written notes and bill of sale and contradicted them.

However, Renfroe further offered proof to show that subsequent to the execution of the foregoing papers, and after negotiations for the Federal loan had fallen through, that the parties again got together and had a further parol understanding that the purported sale would be, and was, rescinded by mutual agreement, and that pursuant thereto Aswell was redelivered his half interest in the business and property, and that the parties jointly took charge of the property and assets and sold the same and applied the proceeds of the sale to payment of the partnership debts. The court excluded this evidence. That was error. Evidence is generally admissible to show a subsequent parol agreement, valid under the law and effective as to its subject matter, between the parties to a written instrument, although it may alter or abrogate such writing, and especially so where such parol agreement is acted upon by the parties. Lusk-Harbison-Jones, Inc., v. Universal Credit Co., 164 Miss. 693, 145 So. 623, 624; 32 C. J. S., Evidence, p. 1008, Sec. 104.

Reversed and remanded.