GILLESPIE, Chief Justice:
This is an appeal from a judgment of the Circuit Court of Panola County dismissing the suit of Mrs. Pauline Smith, plaintiff, against Cecil Stevens, Jr., defendant. We reverse and remand.
Plaintiff’ alleged in her declaration that she sold the defendant a truck for the sum of $750, and that the defendant refused to pay the purchase price. Judgment was demanded for $350 plus interest. In the defendant’s answer he admitted that plaintiff had sold him a truck for $750, but denied the remainder of the allegations of the declaration. Defendant attached to his answer a bill of sale, duly notarized, which recited as follows: “For and in consideration, of Seven Hundred Fifty and no/100 Dollars cash in hand, paid me this day in full by J. C. Stevens, Jr., I do hereby bargain and sell to him. . . .” It is apparent from the colloquy between the attorneys and the judge that the plaintiff desired to testify that the defendant paid her only $400, and agreed to pay $350 at a later date.
On the trial of the case the plaintiff was allowed to testify only that she sold the truck for $750 and that defendant did not pay for it. The defendant then introduced the bill of sale already referred to. The court thereupon sustained the motion of the defendant to exclude the evidence and enter a directed verdict for the defendant. The court stated orally that the verdict would be directed for the defendant because “with the admission of this contract by the plaintiff and then having denied it, the plaintiff has not made the burden of proof.”
We hold that the trial court erred. The testimony of the plaintiff that she had not received the purchase price did not vary the terms of the bill of sale and was admissible under the parole evidence rule. The acknowledgment of payment contained in the bill of sale was merely a receipt which may be contradicted by parole evidence. Fowlkes v. Lea, 84 Miss. 509, 36 So. 1036 (1904). What the plaintiff was *691 trying to prove in this case, as alleged in her original declaration as indicated by the record, was that while the bill of sale recited the receipt of the sum of $750, she actually received only $400. She should not have been required to amend her declaration to eliminate reference therein to how much was paid at the time of the transaction and how much was to be later paid. Parole evidence that the consideration received was different from that recited in the bill of sale was admissible. An acknowledgment of the payment of the purchase price is merely a receipt and is subject to parole contradiction. Allen v. Allen, 175 Miss. 735, 168 So. 658 (1936); 30 Am.Jur.2d, Evidence § 1026 (1967).
In sum, we hold that the mere recitation in the bill of sale that plaintiff had received the $750 purchase price does not prevent the plaintiff from offering proof that $350 of the purchase price was not in fact paid. This was a factual issue that should have been presented to the jury.
Reversed and remanded.
PATTERSON, INZER, SMITH and SUGG, JJ., concur.