397 So.2d 1100 (1981)
The GREAT ATLANTIC & PACIFIC TEA COMPANY
v.
James V. LACKEY, Trustee.
No. 52391.
Supreme Court of Mississippi.
February 18, 1981.
As Corrected March 18, 1981.
Rehearing Denied May 27, 1981.
L. Arnold Pyle, Marvin A. Cohen, James L. Jones, Betty A. Morgan, Watkins, Pyle, Ludlam & Stennis, Jackson, for appellant.
Vardaman S. Dunn, Cox & Dunn, Jackson, O.B. Triplett, III, Forest, for appellee.
Before ROBERTSON, P.J., and BROOM and BOWLING, JJ.
Rehearing of Lackey, Trustee, Denied May 27, 1981.
*1101 ROBERTSON, Presiding Justice, for the Court:
The Great Atlantic & Pacific Tea Company, Inc. (A & P) appeals from a decree of the Chancery Court of Scott County canceling a 15-year lease and awarding "a monthly rental of $3,139.60, from February 24, 1979, until this decree becomes final or the defendant voluntarily terminates the lease."
On April 8, 1967, the V.R. Lackey Trust, by James V. Lackey, Trustee, entered into a lease contract with A & P. Lackey agreed to construct a building and parking lot in Forest, Mississippi, for A & P, "for the purpose of a general merchandise business." A & P obligated itself to pay a monthly rental of $1,427.00 beginning April 1, 1968, plus 1% of gross sales in excess of $1,712,400 per year. The lease was for a primary term of 15 years ending March 31, 1983, with "the right and option of extending said term for 3 successive terms of 5 years each." Nothing was realized under the bonus percentage rental clause until the year July 1, 1975, to June 30, 1976, when Lackey received $5,771.94. For the year July 1, 1976, to June 30, 1977, he received $9,169.81, and for the year July 1, 1977, to June 30, 1978, he received $12,546.52, under the bonus 1% rental clause. These bonus payments were over and above the monthly rental of $1427.00.
On February 24, 1979, A & P moved into a new building constructed for it about a mile from the Lackey building, but continued to pay the monthly rental of $1427.00 to Lackey.
Lackey filed a bill of complaint in the Chancery Court of Scott County on July 19, *1102 1979, averring that A & P had defaulted on its lease contract by failing to operate "a general merchandise business" on the leased premises. Complainant prayed that on a final hearing the court would enter a decree canceling the lease contract because of the default of the lessee, or that the court would render a decree in favor of the complainant for (a) 1% of the gross sales of the defendant, "computed in accordance with the terms of said lease, or, (b) a reasonable monthly rental from the date when the premises were vacated by defendant, or, (c) the base rental in the lease sued on plus the gross sales being received at the new location of its store in excess of $1,724,000."
After a full hearing, the court entered its final decree on April 4, 1980:
1. Terminating and canceling the lease contract between Lackey and A & P; and
2. Ordering that Lackey recover from A & P "a monthly rental of $3,139.60, from February 24, 1979, until this decree becomes final or the defendant voluntarily terminates the lease."
In a Motion to Correct the Final Decree, A & P pointed out that the court, in its decree, cancelled the lease, but provided also that A & P would continue to pay monthly rent. A & P contended that these provisions were inconsistent and contradictory. The court overruled the motion to correct because complainant's attorney, O.B. Triplett, Jr., was killed in an automobile accident before there could be a hearing on the motion.
A & P assigns as error:
I. The admission of testimony on prelease negotiations to vary the terms of the Lackey  A & P lease violated the parol evidence rule thus the trial court erred in the admission of said evidence.
II. The trial court erred when it overruled the objection of A & P on the grounds of relevancy to the introduction of evidence on a fair rental value for the demised premises for February of 1978.
III. The trial court erred in canceling the Lackey  A & P lease and awarding damages because cancellation of the lease and the award of damages was inappropriate since the lease does not contain a covenant of continuous use thus A & P has not breached the lease.

I.
The court was in error in admitting into evidence parol evidence to contradict, vary, alter, add to or detract from the written lease contract.
At the trial, the chancellor stated:
"These negotiations finally culminated in a written contract which we have before us; it has been introduced into evidence, and, I can read the contract and understand it very clearly, what it says."
The lease contract is clear and unambiguous; it is complete on its face. In Sharpsburg Farms, Inc. v. Williams, 363 So.2d 1350 (Miss. 1978), this Court said:
The plaintiffs did not charge fraud or mistake. This case would thus appear to fit under the parol evidence rule that:
`[I]f the writing is complete on its face and unambiguous, parol evidence is not admissible to contradict, vary, alter, add to, or detract from, the instrument... . `in the absence of fraud or mistake.'" Allen et al. v. Allen et al., 175 Miss. 735, 741, 168 So. 658, 659 (1936).
"In Fuqua v. Mills, 221 Miss. 436, 73 So.2d 113 (1954), this Court, in again defining the parol evidence rule, quoted with approval from Kendrick v. Robertson, 145 Miss. 585, 111 So. 99 (1927):
`[T]he rule that the terms of a written contract or conveyance cannot be varied or added to by parol evidence is not merely a rule of evidence, but is one of substantive law, and, in measuring the rights of the parties to a written contract or conveyance, which, on its face, is unambiguous and expresses an agreement complete in all of its essential terms, the writing will control. Jones, Commentaries on Evidence, Vol. 3, par. 434; Wigmore on Evidence, Vol. 4, pars. 2400 and 2425.' 221 Miss. at 450, 73 So.2d at 119.
363 So.2d at 1355.

*1103 II.
There was no express covenant in the lease contract for continuous use of the leased premises "for the purpose of a general merchandise business." Neither could a covenant for continuous use as a general merchandise business be implied. Where a lease provides for percentage rent in addition to a fixed substantial adequate minimum rent, no implied covenant will be inferred. 52 C.J.S. Landlord & Tenant § 502(2) (1968).
$1427.00 per month amounted to $1.25 per square foot for 13,700 square feet of building leased to A & P in 1968. Also, Lackey entered into a 12-year lease with Morgan & Lindsey in 1968 for an annual rental of $1.25 per square foot. Admittedly this was the highest rent received in Forest, Mississippi, in 1968.
Paragraph 25, as amended, of the lease contract, dealing with the removal of fixtures by the lessee; paragraph 26 dealing with assignment; and paragraph 29 dealing with the completeness of the written lease contract, all are express clauses of the contract negating any conclusion that could be drawn that there was an implied covenant of continuous use. It was error to admit testimony as to the fair rental value as of February, 1978.

III.
In Polk v. Gibson Products Co. of Hattiesburg, Inc., 257 So.2d 225 (Miss. 1972), in construing a similar lease contract which provided for a guaranteed minimum rental of $1500 per month and also provided a bonus rental of 1 1/2% of the annual gross sales in excess of $1,200,000.00, this Court said:
"This Court takes knowledge of the fact that there is nothing in this language which specifically requires the lessees to remain on said premises in said building and to conduct therein a discount business. The substance of the requirements of the lessees is that they must pay the guaranteed minimum rental of $18,000 per year in monthly installments of $1500 each for the use and occupancy of said premises and that said monthly minimum rentals of $1500 must be paid in advance." 257 So.2d at 228.
There being neither an express nor implied covenant of continuous use, there was no breach of the lease contract by A & P, and the court was in error in terminating and canceling the lease contract.
A & P has tendered to Lackey $4,469.87, "the amount of percentage rental due for the rental year of July 1, 1978, to June 30, 1979," and Lackey is entitled to that amount, plus $1427.00 per month rent in accordance with the written lease contract.
For these reasons, the decree of the lower court of April 4, 1980, is reversed, and this cause is remanded to the lower court for a proper accounting and distribution of funds paid into the registry of the court in accordance with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.
LEE, J., takes no part.