738 So.2d 249 (1998)
The HOUSING AUTHORITY, CITY OF LAUREL, Mississippi, Appellant,
v.
Irvin H. GATLIN, Appellee.
No. 97-CA-01277 COA.
Court of Appeals of Mississippi.
December 18, 1998.
Rehearing Denied April 20, 1999.
Certiorari Denied July 1, 1999.
J. Larry Walters, Laurel, Attorney for Appellant.
Guy M. Walker, Attorney for Appellee.
Before McMILLIN, P.J., COLEMAN, and PAYNE, JJ.
McMILLIN, P.J., for the Court:
¶ 1. This case involves a dispute between the City of Laurel Housing Authority and Irvin Gatlin. Gatlin filed suit in the Jones County Circuit Court, claiming that the Authority had breached an oral contract to hire him. The trial court granted summary judgment in favor of Gatlin and awarded damages of $36,000, an amount equal to the anticipated salary for the position for one year. The Authority has appealed that decision. We reverse and render the judgment of the trial court.

I.

Facts
¶ 2. The Authority advertised for the services of an individual to fill a position *250 somewhat colorfully referred to as "Clerk of the Works" for a fixed term, estimated to be approximately ten months. Gatlin responded to the advertisement and was ultimately hired for the position by written contract. During the time these events were transpiring, the Authority was pursuing certain federal funding for a project that, if successful, would provide additional money for the project on which Gatlin was working. Gatlin claims that, at the time he was retained under the contract, he and the Authority's executive director had an understanding that Gatlin would be converted from a contract employee to a fulltime employee if the additional funding application was successful. In the specific words of Gatlin's complaint, the executive director "explained to the Plaintiff that it was the intention of the Housing Authority to make the position permanent and transfer the Plaintiff from an independent contractual relationship to a regular employee status."
¶ 3. As the ten month contract period neared an end, the additional funding had not been secured. The Authority and Gatlin agreed to extend his existing contract for two additional months under the same terms (except for a slight modification in the level of compensation that has no bearing on this case). The parties executed a brief written agreement evidencing their understanding. The Authority concedes that, at the end of this two month extension, it had received final approval for the federal funding that included a budget line item of $36,000 for the position Gatlin had been promised by the Executive Director. However, the Authority's Board of Trustees, as a part of a general hiring freeze, declined to approve Gatlin as a full-time permanent employee. He, therefore, ceased any affiliation with the Authority when his two month contract extension ended.
¶ 4. After the Authority refused to make Gatlin a full-time employee, he filed this action as a breach of contract suit. The Authority answered, raising a number of affirmative defenses, including a claim that the complaint failed to state a claim upon which relief could be granted. Both parties filed summary judgment motions. The trial court granted summary judgment in favor of Gatlin and assessed his damages at $36,000, the anticipated salary of the position for one year.
¶ 5. The Authority perfected this appeal, citing four issues for review by this Court. We find the first issue to have merit. Therefore, there is no purpose in considering the remaining issues.

II.

The First Issue:

The Judgment Improperly Permits Modification of a Written

Contract by Parol Evidence
¶ 6. The Authority contends that the trial court's ruling erroneously relies on parol evidence to alter the explicit terms of a written agreement. This argument has merit.
¶ 7. The Authority's solicitation published in the local newspaper contained this clause:
JOB DURATION: Full-time (40 hours per week) for approximately 10 months, commencing immediately.
¶ 8. Once Gatlin was selected for the position, he and the Authority entered into a detailed contract running to nine pages that included this provision:
4. TERM (LENGTH OF CONTRACT). This Contractual Agreement... are (sic) to commence on February 1, 1993 and shall terminate on November 30, 1993.
¶ 9. The contract also stated unequivocally as follows:
22. ENTIRE AGREEMENT. This Contractual Agreement contains the entire understanding of the parties hereto....
*251 ¶ 10. One of the fundamental principles of contract law is that parol evidence will not be received to vary or alter the terms of a written agreement that is intended to express the entire agreement of the parties on the subject matter at hand. Grenada Auto Co. v. Waldrop, 188 Miss. 468, 195 So. 491, 492 (1940), Perrault v. White Sewing Mach. Co., 157 Miss. 167, 176, 127 So. 271, 274, (1930), Edrington v. Stephens, 148 Miss. 583, 114 So. 387, 389 (1927); Kerr v. Calvit, 1 Miss. 115, 118 (1822). "[P]arol evidence is not admissible to contradict, vary, alter, add to, or detract from, the instrument." Allen v. Allen, 175 Miss. 735, 741, 168 So. 658, 659 (1936) (emphasis supplied). The Mississippi Supreme Court has said that this bedrock rule is not merely a rule of evidence but is a principle of substantive law. Kendrick v. Robertson, 145 Miss. 585, 111 So. 99, 101-102 (1927).
¶ 11. The trial court's ruling unquestionably permits Gatlin to insert an unwritten provision into the contracta provision that Gatlin claims was an essential part of the agreement at the time of formation and one of the primary motivating factors in his decision to enter into the contract. This unwritten provision (which, if given effect, would directly conflict with the explicit provision of Paragraph 22 quoted above) was that Gatlin would be hired as a full-time regular employee of the Authority at the end of the term of his contract, conditioned only on the Authority's receiving funding for the position from a federal grant. The parol evidence rule bars the court from considering such evidence in the case where the parties have committed to record their entire agreement in writinga concept often referred to as a "completely integrated agreement." E. ALLAN FARNSWORTH, CONTRACTS § 7.3 (1982).
¶ 12. In the absence of such evidence of an alleged oral agreement varying the terms of the written contract, Gatlin has no available facts that would support a breach of contract claim under any existing legal theory. He has, therefore, failed to state a claim upon which any relief can be afforded him under the law. For that reason, the trial court erred in awarding summary judgment in Gatlin's favor and likewise erred in failing to grant the Authority's summary judgment motion.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS REVERSED AND JUDGMENT IS RENDERED IN FAVOR OF THE APPELLANT. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
BRIDGES, C.J., THOMAS, P.J., and COLEMAN, HERRING, HINKEBEIN, and SOUTHWICK, JJ., concur.
DIAZ, J., dissents with separate written opinion joined by KING and PAYNE, JJ.
DIAZ, J., dissenting:
¶ 14. I respectfully dissent from the majority's decision to reverse the judgment of the trial court which granted summary judgment in favor Irving Gatlin for his claim that the City of Laurel Housing Authority breached an oral contract to hire him.
¶ 15. The majority finds that the agreement between Robert M. Farrish, the executive director, and Gatlin was an oral modification of a written contract, and therefore, not enforceable as within the statute of frauds. However, even if the oral contract between the executive director and Gatlin was considered an oral modification of a written agreement, the parol evidence rule is flexible and would allow introduction of the letter from the director and testimony concerning the intentions of the parties with respect to Gatlin's employment status. The Mississippi Supreme Court addressed the problem of oral modifications of written employment contracts in Eastline Corporation v. Marion Apartments, Ltd., 524 So.2d 582, 584 (Miss.1988). The court stated that an "oral modification may be made even where the contract provides that the modification *252 must be made in writing." Id. (citing City of Mound Bayou v. Roy Collins Constr., 499 So.2d 1354 (Miss.1986)). In Eastline, the court held that the chancellor "ignored the rule that a written contract can be orally modified." Id. The supreme court has further held that:
Evidence is generally admissible to show a subsequent parol agreement, valid under the law and effective as to its subject matter, between the parties to a written instrument, although it may alter or abrogate such writing, and especially so where such parol agreement is acted upon by the parties.
Sammons Communications, Inc. v. Polk, 429 So.2d 564, 567 (Miss.1983) (citing Renfroe v. Aswell, 198 Miss. 159, 21 So.2d 812 (1945)). Although the supreme court held in Allen v. Allen, 175 Miss. 735, 741, 168 So. 658, 659 (1936) that parol evidence which contradicts, varies, alters, adds to, or detracts from the written agreement is not admissible, this bedrock rule "is subject to many exceptions and is said to be very flexible." Byrd v. Rees, 251 Miss. 876, 882, 171 So.2d 864, 867 (1965) (distinguishing Kendrick v. Robertson, 145 Miss. 585, 111 So. 99, 101-02 (1927)) (emphasis in original). Furthermore, in Byrd the supreme court held that "[p]arol evidence of the intention of the parties may be received to clear up an ambiguity by reason of which, such intention is not definitely expressed."
¶ 16. The majority holds that the trial court erroneously relied on parol evidence to alter the explicit terms of a written agreement which would have allowed an oral modification of a written contract to be enforceable. However, the majority misunderstands Gatlin's central claim that the oral agreement between himself and the executive director of the Authority was a separate and distinct agreement from the written employment contract. Gatlin claims that there were two contracts: one, a written contract, which was amended, and the second, which was an oral contract which began at the end of the written contract. Gatlin relied on the promises of the executive director, who had authority to employ him at the time the promises were made, to reclassify his employment status after the written contract expired. Included in the record is a letter from the executive director to Gatlin written on the last day of his extended written employment contract which states in part:
You have my sincere thanks and appreciation for a job well done during the past year, and if I had my way, you would be on board for at least another five years as we had agreed.

(emphasis added).
¶ 17. Contracts to be performed "within the space of fifteen months" do not have to be reduced to a writing. Miss.Code Ann. § 15-3-1(d). Here, the Statute of Frauds has no bearing on the separate oral agreement between the executive director of the Authority and Gatlin to promote Gatlin from contract employee to a regular employee. The reclassification of Gatlin's employment status certainly could have been accomplished within the span of fifteen months. The length of Gatlin's proposed employment is not at issue, and therefore, an analysis of the application of the Statute of Frauds to his potential length of employment is unnecessary. Instead, whether the Authority could promote Gatlin from his position as a contract employee to a full time employee within fifteen months is the issue, and that reclassification within fifteen month period was possible.
¶ 18. Therefore, I would affirm the decision of the circuit court granting Gatlin summary judgment based on his claim that the Authority breached an oral contract to hire him.
KING and PAYNE, JJ., join this separate opinion.